OPINION
This appeal arises out of a judgment of the Court of Common Pleas of Putnam County denying a motion for relief from judgment filed by Appellant, David Blankemeyer. For the reasons set forth in the foregoing opinion, we affirm the decision of the trial court.
The relevant facts are as follows:
On October 22, 1995, Appellant and his ex-spouse, Carolyn Blankemeyer, now known as Carolyn Amador, were involved in a dispute regarding Appellant's visitation with one of their four children. Carolyn claimed that David grabbed her by the throat upon learning that he would not be able to spend time with the child that day. As a result, Appellant was charged with one count of domestic violence. The case was eventually tried before a jury and David was found not guilty.
Thereafter, David filed a civil complaint against Carolyn on April 19, 1996, alleging three separate causes of action arising from the October 22nd incident: malicious prosecution, intentional infliction of emotional distress and assault. On December 23, 1996, Appellant filed, pursuant to Civ.R. 41(A)(1), a notice to dismiss without prejudice the malicious prosecution claim, referred to as "Count I" in the complaint; the reasons for the dismissal were not expressed. It is apparent that trial preparation continued on the remaining causes of action.
Appellant then filed a motion for leave to file an amended complaint on January 27, 1997, stating that the voluntary dismissal of Count I was an inadvertent error. An accompanying affidavit filed by Appellant's attorney stated that he intended to dismiss the claim for intentional infliction of emotional distress, referred to as "Count II", but that a typographical error occurred and the incorrect dismissal was ultimately filed because he misread the document. In response to this motion, the trial court issued a judgment entry on February 11, 1997, stating that "any further dismissal of the claim for malicious prosecution pursuant to Rule 41 * * * would constitute a dismissal with prejudice." The next day, Appellant filed an amended complaint, adding the previously dismissed claim. A jury trial on the claims for malicious prosecution and assault was set for October 29, 1997.
However, on October 14, 1997, Appellant filed another notice pursuant to Civ.R. 41(A)(1). This time, David attempted to dismiss the complaint, again without prejudice, upon discovering that his attorney may have to testify as a fact witness. Although the record does not reflect a judgment or order, the complaint was apparently dismissed with prejudice due to the trial court's previous entry relating to future dismissals.
On October 13, 1998, Appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing that since the first dismissal was a mistake, the second dismissal should be deemed without prejudice. A hearing was conducted on the motion, however, this court has not been provided a transcript of these proceedings. The trial court subsequently denied the motion for relief on January 25, 1999, and it is from this decision that Appellant has perfected the instant appeal.
Assignment of Error I
 The trial court erred, as a matter of law, in denying Plaintiff's Rule 60(B) Motion For Relief From Judgment, and more specifically:
 A. The trial court erred in not viewing the voluntary dismissal filed on December 23, 1996 in conjunction with the second voluntary dismissal filed on October 14, 1997 when determining whether to grant relief from judgment pursuant to Rule 60(B) [and]
 B. The trial court erred in finding that the Plaintiff failed to demonstrate any "mistake, inadvertence, surprise, or neglect" or "any other reason justifying relief from judgment."
Civ.R. 60(B) states, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. * * *.
As a threshold matter, we note that there is some question as to whether Civ.R. 60(B) is available to relieve a party from a voluntary dismissal with prejudice. See Howard v. Schutte (Feb. 17, 1995), Montgomery App. No. 14714, unreported; Hanson v. Franklin Cty. Sheriff's Dept. (July 8, 1997), Franklin App. No. 96APE12-1713, unreported. Nevertheless, even if such relief is available to this type of proceeding, we conclude that Appellant has failed to satisfy the necessary requirements under Civ.R. 60(B) to warrant reversal of the trial court's decision.
In GTE Automatic Elec. Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the Supreme Court of Ohio set forth the criteria necessary to prevail on a motion for relief from judgment:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Id. at paragraph two of the syllabus. "Because these requirements are written in the conjunctive rather than disjunctive, all three requirements must be satisfied in order to be entitled to relief." Verco Industries v. Fintastic Pet Centers (Oct. 29, 1998), Marion App. No. 9-98-17, unreported, citing GTE Automatic Elec. Inc., supra, at 151.
The decision to grant or deny a motion made pursuant to Civ.R. 60(B) is discretionary and, thus, will not be disturbed on appeal absent an abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. An abuse of discretion has been characterized as a decision that is arbitrary, unreasonable or unconscionable in nature. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Despite the wide latitude of discretion that trial courts enjoy on this issue, we are mindful that since Civ.R. 60(B) is remedial in nature, courts should liberally interpret claims for such relief in order to decide a case on its merits. See, generally, Colley v. Bazell (1980), 64 Ohio St.2d 243, 248.
Since we find it to be dispositive, our analysis of this case will focus on the second prong of the GTE test, which is whether Appellant is entitled to relief under Civ.R. 60(B)(1) or (5). With respect to Civ.R. 60(B)(1), the rule provides that a movant must show that he is entitled to relief from an unfavorable judgment due to "mistake, inadvertence, surprise or excusable neglect." David asserts that the trial court erred in failing to find that his actions concerning the two dismissals did not rise to the level of excusable neglect.
 The term "excusable neglect" is an elusive concept which has been difficult to define and to apply. * * * [W]e have * * * stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."
Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, citing GTE Automatic Elec., Inc., supra, at 153. Generally, for purposes of Civ.R. 60(B)(1), the neglect of a party's attorney is imputed to the party. GTE Automatic Elec., Inc., 47 Ohio St.2d 146
at 153.
Appellant claims that the following actions should be considered "excusable neglect" by his counsel: (1) the inadvertent filing of the first dismissal; (2) the failure to carefully read the judgment entry pertaining to future dismissals; and (3) the failure to timely obtain new counsel upon discovering that his attorney would be a necessary fact witness at trial. This court is not persuaded by David's argument. Even assuming that the first dismissal was the product of "excusable neglect", that action should have no bearing on the second dismissal because the judgment entry issued on February 11, 1997, unambiguously states that any further dismissals would be with prejudice. The failure to grasp the ramifications of this judgment entry because Appellant's attorney did not carefully review it may be neglectful, and it may explain why the second dismissal was attempted. However, there is no explanation as to why that type of neglect should be considered legally excusable, and in the absence of any such evidence, we refuse to do so. Likewise, we cannot find that the failure to timely obtain substitute counsel was excusable neglect since Appellant offers no specific legal justification for the delay. Based upon the foregoing, we conclude that the trial court did not abuse its discretion in finding that excusable neglect does not exist in this case.
Appellant also asserts, in the alternative, that the trial court erred in failing to find that he was entitled to relief from judgment based upon Civ.R. 60(B)(5). A court is permitted to grant relief under Civ.R. 60(B)(5), known as the "catch-all provision", for "any other reason justifying relief from the judgment." Nonetheless, it has been held that this provision should not be applied liberally and should only be granted "in an extraordinary and unusual case when the interests of justice warrants [sic] it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
This is not such a case. Appellant has not provided us with any evidence tending to show that the circumstances surrounding the disposition of this case are so extraordinary or unusual that relief is warranted under Civ.R. 60(B)(5).
Based upon the foregoing, Appellant's sole assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.