Colley et al., Appellants and Appellees, *v.*
Bazell, Appellee and Appellant.

(Nos. 80-425 and 80-427—Decided December 30, 1980.)

244

Lappen, Lilley, Kernen & Co., L.P.A., Mr. Will Kernen and Mr. Robert L. Lilley, for appellants and appellees.

Walker, Mollica & Gall Co., L.P.A., Mr. Steven T. Sloan, Messrs. Gallagher, Sharp, Fulton, Norman & Mollison and Mr. George W. Stuhldreher, for appellee and appellant.

DOWD, J.    Initially, we consider and reject the claim advanced by the plaintiffs that the appeal of Bazell from the denial of his application for Civ. R. 60 relief should have been dismissed by the Court of Appeals because the notice of appeal was filed on May 9, 1978, more than 30 days following the granting of the default judgment on February 13, 1978. The plaintiffs correctly observe that the time for filing a notice of appeal from a judgment is not tolled by either the filing of a Civ. R. 60(B) motion for relief from judgment or a motion to reconsider. *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265; *William W. Bond, Jr. & Assoc.* v. *Airway Development Corp.* (1978), 54 Ohio St. 2d 363. Moreover, a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged. *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40; *Town & Country Drive-In Shopping Centers, Inc.,* v. *Abraham* (1975), 46 Ohio App. 2d 262. However, it is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ. R. 60(B) is itself a final appealable order. *Greenspahn* v. *Joseph E. Seagram & Sons, Inc.* (C.A. 2, 1951), 186 F. 2d 616; *Russell* v. *Cunningham* (C.A. 9, 1960), 279 F. 2d 797; 7 Moore's Federal Practice (2 Ed.), 430, Section 60.30[3]; McCormac, Ohio Civil Rules Practice (1980 Supp.), 101, Section 13-27. Therefore, it follows that a judgment denying a motion for relief from judgment pursuant to Civ. R. 60(B) may be appealed, providing the notice of appeal is filed within 30 days as required by App. R. 4(A). On April 13, 1978, the motion for relief from the default judgment of February 13, 1978, was denied. The subsequent notice of appeal was

filed on May 9, 1978.[1] It challenges the judgment of April 13, 1978, not the default judgment of February 13, 1978. Hence, the Court of Appeals correctly denied the motion of the plaintiffs to dismiss the defendant's appeal.

We next consider whether defendant Bazell's motion for relief from judgment was properly overruled as to the issue of liability. We conclude that the trial court erred, upon the basis of the submission for relief, in failing to vacate the default judgment of February 13, 1978. Therefore, it is not necessary to address the plaintiffs' claim that the remand on the issue of damages was erroneous, for it follows that a judgment vacating a default judgment results in the entire case proceeding on its merits.

The requirements imposed upon the party who seeks to have a default judgment vacated include demonstration of a meritorious defense or claim to present if relief is granted, timely action, and a ground for relief under the provisions of Civ. R. 60(B).[2] *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph two of the syllabus.

It is readily apparent that the motion was timely filed, as only 11 days elapsed between the granting of the default judg-

---

[1] The notice of appeal filed by the defendant Bazell on May 9, 1978, stated:

"Now comes the Defendant, Haskell Bazell, and hereby gives his notice of Appeal to the Appellate Court, Fourth Judicial District of Ohio, from the Common Pleas Court Judgment Entry overruling Defendant's Motion for relief from default judgment, dated April 13, 1978, and the judgment entry overruling Defendant's Motion for reconsideration dated May 8, 1978."

[2] Civ. R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

ment and the filing of the motion for relief from the judgment. Civ. R. 60(B) requires that a motion predicated on the ground of "excusable neglect," among others, must be filed within one year of the judgment.

We also find from an examination of the record that the defendant demonstrated a meritorious defense.[3]

Hence, the critical inquiry focuses on whether the defendant Bazell demonstrated a valid ground for relief from judgment under the provisions of Civ. R. 60(B)(1). The defendant claims that his failure to file an answer or other responsive pleading prior to the granting of the default judgment, considering all the facts and circumstances, constituted "excusable neglect." Generally, a default judgment is vacated upon motion where a defaulting party has notified his insurer of the commencement of the suit and has relied, to his detriment, on its undertaking to defend. *Ellington* v. *Milne* (D.C.N.C. 1953), 14 F.R.D. 241; *Hobbs* v. *Martin Marietta Co.* (1954), 257 Iowa 124, 131 N.W. 2d 772; *Petition of Wells* (1964), 97 R.I. 178, 196 A. 2d 721; *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187; *Dalton* v. *Alexander* (1956), 10 Ill. App. 2d 273, 135 N.E. 2d 101; *Hinz* v. *Northland Milk & Ice Cream Co.* (1952), 237 Minn. 28, 53 N.W. 2d 454; *Scott* v. *McEwing* (1940), 337 Pa. 273, 10 A. 2d 436; *Newton* v. *De Armond* (1922), 60 Cal. App. 231, 212 P. 630.

The rationale for the development of such a rule was discussed in *Hobbs* v. *Martin Marietta Co., supra,* at page 132, where the court held:

"In the case at bar, it is clear defendants in good faith intended to defend. They sent the papers through the usual and regular channels and reasonably assumed, after they reached the Chicago office, that they were being promptly and properly processed.***

---

[3] The defendant Bazell claimed in support of his motion for relief from judgment that he advised the plaintiff, Claude Colley, that the law was strongly against him and that a suit for "Black Lung" benefits would be a "futile gesture." Bazell claimed additionally that he so advised in time for Colley to obtain other counsel if he should so choose. Colley disputed Bazell's claim. However, a determination of such a dispute is not appropriate where the issue is resolution of the motion for relief from judgment. The movant's burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense.

"The contention that it would be an unjust burden to require these defendants to keep a constant check upon such papers until the appearance was entered in the case seems reasonable. In this large and general business operation such a burden might be most unjust and unfair***. We conclude the factual showing that the papers were promptly forwarded through the regular channels and were lost in transit was a showing of mistake, inadvertence or excusable neglect, sufficient to meet the requirement of 'good cause,' and the motion to set aside should have been granted."

Turning now to the case at hand, it is undisputed that Bazell acted promptly and responsibly upon being served with the summons. He immediately notified his carrier of the lawsuit and supplied information appropriate to a defense of the lawsuit. But, inexplicably, the paper work was apparently delayed in the mails and a timely answer was not filed, resulting in a default judgment. It is apparent that the trial court concluded that the defendant, as an attorney aware of the importance of an answer day, acted irresponsibly when he did not independently audit the conduct of his carrier to make certain that an answer was filed within rule and that such conduct did not constitute "excusable neglect." We disagree.

In our view, the concept of "excusable neglect" must be construed in keeping with the proposition that Civ. R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ. R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, 12. We note that the default judgment was granted within a week of the defendant's failure to file a timely answer or a responsive pleading. Under these circumstances, the inaction of the defendant had not ripened to the point where it could be labeled as a "complete disregard for the judicial system" as condemned in *GTE Automatic Electric, supra,* at page 153.

Assuming, *arguendo,* that the defendant's failure to check, by the date the default judgment was granted, on the question of whether his carrier had filed an answer or a similar

responsive pleading constituted neglect, the next inquiry is whether that neglect was excusable or inexcusable. That inquiry must of necessity take into consideration all the surrounding facts and circumstances. Among such circumstances is whether the defendant promptly notified his carrier of the litigation. A second circumstance is the lapse of time between the last day for the filing of a timely answer and the granting of the default judgment.[4] A third circumstance is the amount of the judgment granted.[5] A fourth, but not decisive, circumstance is the experience and understanding of the defendant with respect to litigation matters.

In refusing to vacate the default judgment, the trial court focused on the fact that the defendant is an attorney and ignored the fact of the defendant's prompt notice to the carrier, the substantial amount of the judgment, and the short passage of time between the failure to timely file an answer and the granting of the default judgment. Taking into consideration all the facts and circumstances presented to the trial court in connection with the motion for relief from judgment, and applying the principle that doubt, if any, should be resolved in favor of the motion to vacate, *GTE Automatic Electric, supra,* at page 151; 7 Moore's Federal Practice, *supra,* at pages 232-233, Paragraph 60.19, we conclude that the trial court abused its discretion in failing to vacate the default judg-

---

[4] A motion for relief from judgment alleging any of the grounds as set forth in Civ. R. 60(B)(1), (2) or (3) must be made not more than one year after judgment. That one year provision, however, should not control a decision as to whether the continuing failure of the defendant to determine independently whether an answer has been filed on his behalf remains "excusable." In sum, even though a defendant has promptly notified an insurance company of the filing of the lawsuit, his neglect in failing to independently determine whether an answer has been filed on his behalf may well change from "excusable" to "inexcusable" upon the passage of time, without regard to the one year provision regulating the timeliness of the motion.

[5] In *Tozer* v. *Charles A. Krause Milling Co.* (C.A. 3, 1951), 189 F. 2d 242, 245, the court stated in vacating a default judgment:

"What is excusable neglect and what is inexcusable neglect can hardly be determined in a vacuum. The opinion of the court below does not reveal what standard was applied nor what factors were weighed. The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. *Matters involving large sums should not be determined by default judgments if it can reasonably be avoided.*" (Emphasis added.)

250

ment. Accordingly, the judgment of the Court of Appeals in that respect is reversed and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.