**Horlacher v. Harry**
*[Cite as 3 AOA 114]*

*Case No. 89-CA-33*
*Knox County, (5th)*
*Decided May 16, 1990*

*David I. Shroyer, Michael F. Colley Co., L.P.A 536 South High Street Columbus, Ohio 43215; T. Gerrett Ressing, 10 East Vine Street, Mt. Vernon, Ohio 43050, for Plaintiffs-Appellees.*

*Steven T. Greene, John T. Wallace, Morrow, Gordon & Byrd, 33 West Main Street, P.O. Box 4190 Newark, Ohio 43055-8190, for Defendant-Appellant.*

## HOFFMAN, J.

Sheila A. Horlacher, et al., are plaintiffs-appellees and Richard L. Harry is defendant-appellant. In February, 1986, Horlacher and Harry were involved in a traffic accident. Appellant Harry was covered by Motorists Mutual and subsequent to the accident, an agent of Motorists interviewed Harry about the collision. Subsequently, counsel for Horlacher contacted Motorists and was advised that said company was denying any liability on behalf of Harry for damages claimed by Horlacher. Motorists again refused coverage and on October 23, 1987, plaintiffs filed their complaint in the Court of Common Pleas of Knox County and gained service upon appellant. Ultimately, after appellant failed to answer, appellee's moved for a default judgment and the court granted judgment in favor of appellees on the issue of liability only.

Appellant then filed a Civ. R. 60(B) motion based upon "mistake" and "excusable neglect," but the court overruled this motion for relief from judgment.

Subsequently, the case proceeded to trial on the issues of proximate cause and damages and at the conclusion of trial, the jury returned a verdict against appellant and in favor of appellees awarding damages of $15,000 to Sheila Horlacher and $2,000 to her husband, Kim. The court accepted the findings of the jury and rendered damages accordingly.

Harry now raises the following three assignments of error:

"A. THE TRIAL COURT'S RULING PREVENTING DEFENDANT-APPELLANT FROM READING AND INTRODUCING INTO EVIDENCE THE DEPOSITION WAS PLAINTIFF-APPELLEE'S TREATING PHYSICIAN WAS ERROR PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF DEFENDANT-APPELLANT.

"B. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT.

"C. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF THE DEFENDANT-APPELLANT BY FAILING TO GRANT HIS MOTION FOR A DIRECTED VERDICT AND CHARGE THE JURY AS REQUESTED AS TO THE PERMANENCY OF PLAINTIFF-APPELLEE'S INJURIES WHEN THE PLAINTIFF'S MEDICAL EXPERTS FAILED TO TESTIFY TO A REASONABLE DEGREE OF MEDICAL CERTAINTY."

### B.

We discuss appellant's second assignment of error before the others.

The trial court ruled correctly in denying Harry's 60(B) motion which was grounded in excusable neglect and mistake. The record demonstrates that appellant totally disregarded the service of plaintiff's complaint upon him and furthermore never did properly notify his insurance carrier. Appellant's reliance upon *Colley v. Bazell* (1980), 64 Ohio St. 2d 249 is misplaced. Syllabus 2 of *Colley* reads as follows:

"2. Where a defendant, upon being served with summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine independently that his carrier has failed to file timely an answer which leads to the taking of a default judgment, *may constitute 'excusable neglect,' depending on the facts and circumstances of the case,* so as to justify relief from the default judgment pursuant to Civ. R. 60(B). (Emphasis added)."

The "facts and circumstances" of the instant case do not permit Harry to avail himself of a 60(B) motion. Assignment of error B is overruled.

### A.

This issue involves Ohio Civ. R. 32, Use of Depositions in Court Proceedings, which reads in pertinent part:

"(A) Use of Depositions. Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing.

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions; ...

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

"...

"(e) that the witness is an attending physician or medical expert although residing within the county in which the action is heard..."

At the trial, appellant stated his intention to have the deposition of Dr. Harry C. Reed, Horlacher's treating physician, read to the jury "as you would anything." Although counsel for the ap pellant did not specifically call the court's attention to the clear dictates of Civ. R. 32(A)(3)(5), he manifestly stated to the court and opposing counsel that it was not required that said doctor testify "live" but that the deposition could be read into the record in the presence of the jury. At this point, the court and counsel for both parties engaged in a colloquy, including how Dr. Reed would "come across on the stand like he did in the deposition." (T.226, line 24, and T.227, line 1). The trial court then ruled that the deposition would not be allowed to be read into the record.

This ruling was a clear violation of the above-cited rule. On its face, there need be no determination of unavailability or any of the other unrelated matters discussed at the instant trial when the appellant stated his intention to admit the deposition. In an analogous situation, the Court of Appeals for Ottawa County held:

"We hold that the court's action in preventing introduction of the cross-examination portion of Dr. Millis' deposition was error." (*Cook v. Krause,* unreported, CA-OT-77-13, May 5, 1978, page 2 of Lexis format).

Regarding the opportunity for the parties to introduce only portions of such a deposition and not read evidence detrimental, the same court instructed:

"While it is true that introduction of only certain parts of the deposition gives rise to the possibility that the witnesses' statements will be taken out of context or that particular answers will be over-emphasized, Civ. R. 32 specifically provides the means to avoid that danger. Civ. R. 32(A)(4) provides:

"If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." (Citations omitted, *Krause* at page 3 of Lexis format).

As stated by the Supreme Court of Ohio, "the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint* (1980), 62 Ohio St.2d 209, at 215.

Appellant properly preserved his record objection to the court's erroneous ruling on the status of the instant deposition and this assignment of error is sustained.

C.

Having sustained appellant's assignment of error B, *supra,* thus necessitating a new trial consistent with our determination thereunder, we do not reach the merits of whether a directed verdict should have been entered. To comport with our disposition of assignment of error B, this third assignment of error is sustained.

For the reasons stated, *supra,* appellant's first and third assignments of error (A and C) are sustained and the second assignment of error (B) is overruled.

The judgment of the trial court is reversed and this case is remanded to the Court of Common Pleas of Knox County for a new trial on the issues of proximate cause and damages.

*Judgment reversed and cause remanded.*

PUTMAN, P.J., and MILLIGAN, J., concur.