While I concur with the majority's analysis of the first assignment of error, I must respectfully dissent from the opinion of the majority as it relates to the second assignment of error.
At the outset, I would agree with the majority that the trial court appears to have erred in the default entry by stating that the original judgment was rendered against both Renato Cromaz and Annette Cromaz in the amount of $300,000 plus interest and attorney fees. That judgment derived from the Cuyahoga County case wherein appellees obtained a $300,000 judgment against Renato Cromaz, but not against Annette Cromaz.
Despite this, it should be noted that Annette Cromaz had appellate remedies available to her to correct the misstatement in the default decree. As a general matter, a trial court's grant of default judgment on the question of liability only is not a final appealable order. Pinson v. Triplett (1983), 9 Ohio App.3d 46; see, also, Branham v. New Century Homes (Jan. 13, 1997), Clinton App. No. CA96-07-009, unreported, at 3-4, 1997 Ohio App. LEXIS 47. The default judgment in the case sub judice, however, went beyond a finding of liability. It also included a specified amount of damages, to wit: $300,000 based on the judgment previously obtained by appellees in Cuyahoga County. As such, it was a final appealable order. In other words, Annette Cromaz could have taken a direct appeal from the trial court's entry of the default judgment, but she did not exercise her right to do so.
Moreover, after a trial court grants a default judgment, Civ.R. 55(B) specifically states that "the court may set it aside in accordance with Rule 60(B)." Annette Cromaz, however, never sought Civ.R. 60(B) relief from the trial court's entry of default judgment against her. If she had filed a Civ.R. 60(B) motion, an order granting or denying her relief from the default judgment would have also been a final appealable order. See Colley v.Bazell (1980), 64 Ohio St.2d 243, paragraph one of the syllabus ("A judgment overruling a Civ.R. 60(B) motion for relief from a default judgment is a final appealable order."); GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph one of the syllabus ("An order setting aside a default judgment pursuant to Civ.R. 55(B) is a final appealable order, as provided in R.C. 2505.02."). In other words, had Annette Cromaz moved to vacate the default judgment pursuant to Civ.R. 60(B), a negative response from the trial court would have been immediately appealable. Again, however, she did not exercise this option.
 I turn now to my primary disagreement with the majority opinion. With all due respect, I believe that the majority is misreading the holding of the Tenth District Court of Appeals in Chilcote v. Hanks (July 15, 1986), Franklin App. No. 86AP-33, unreported, 1986 WL 7877. The Chilcote case presents a highly similar factual scenario as the case at bar.
In Chilcote, the appellate court held that the wife's failure to answer the foreclosure complaint precipitated the entry of the default judgment. Chilcote, 1986 WL 7877, at 2. Once the default judgment was entered, the court concluded that the wife was precluded from asserting any interest in the property.
In arriving at this conclusion, the court did observe that the record contained no evidence demonstrating the wife's ownership interest in the subject property. Indeed, the court noted that the wife failed to attach either a signed affidavit or a copy of the deed to her Civ.R. 60(B) motion by which it could be established that the property was held as a tenancy by the entirety.
However, immediately after making this observation about the paucity of evidence in the record demonstrating the wife's ownership interest, the Chilcote court proceeded to hold as follows:
 "[E]ven if defendant's interest in the real estate was a tenancy by the entireties, her failure to assert the interest in response to the complaint after having been properly served the summons and complaint prevents her from asserting such interest. The interest became irrelevant by defendant's default in response to the complaint." Id.
 In other words, even assuming arguendo that there had been evidence of record in Chilcote to establish that the wife had a tenancy by the entireties interest in the property, the court nevertheless held that such interest became inapposite by virtue of the wife's default for failure to answer the foreclosure complaint. This alternative rationale provided by the Chilcote court is not addressed by the majority.
 The reasoning employed by the court in Chilcote is equally applicable to the matter at hand. The litigation giving rise to the instant appeal commenced with the filing of a complaint for foreclosure. The complaint expressly demanded that all of the defendants named therein be required to answer and to establish any claim that they might have in the subject property or be forever barred from doing so. Annette Cromaz was named as a defendant.
 The record also clearly demonstrates that a copy of the summons and complaint was served on Annette Cromaz by certified mail. Indeed, the record contains the actual return receipt which she signed on May 7, 1996, thereby acknowledging service of the foreclosure complaint.
Despite this, Annette Cromaz never filed an answer or other responsive pleading within the time allowed. Pursuant to Civ.R. 55, the trial court was authorized to enter a default judgment against her for failure to answer the foreclosure complaint.
As mentioned previously, Civ.R. 55(B) expressly states that the trial court may set aside a default judgment in accordance with Civ.R. 60(B). In this case, although she was fully aware that default judgment had been entered against her, Annette Cromaz never requested that the trial court set aside the judgment pursuant to Civ.R. 60(B). Annette Cromaz took no action whatsoever to preserve her interest in the property during the period of time that elapsed from the entry of the default judgment in August 1996 until appellants filed their joint motion to participate in the distribution of the sale proceeds on March 13, 1998.
It must be reiterated that Annette Cromaz was a party to theforeclosure action because she was named in the complaint as a defendant along with all other parties of interest, including the mortgage holders and judgment creditors. She, however, failed to assert any interest in the subject property after having been properly served with the summons and complaint. As a result, Annette Cromaz was precluded from claiming any interest in the premises after it had been foreclosed upon and sold at the sheriff's sale.
The trial court did not err by denying Annette Cromaz's untimely motion to participate in the distribution of the sale proceeds. While I do not doubt that Annette Cromaz was a title owner of the property, her right to share in the sheriff's sale proceeds was lost by virtue of her default in response to the foreclosure complaint.