OPINION
Sandra K. Dostie appeals from a judgment of the Fairborn Municipal Court, Civil Division, which denied her "request to enlarge time" to file objections to the magistrate's decision finding that she had been negligent in causing a fire.
On December 29, 1997, State Farm Fire Casualty Company ("State Farm") and David Haney filed a complaint against Dotsie, alleging that on July 30, 1996, she had negligently caused a kitchen fire which had damaged the real property located at 1534 Superior Avenue, Fairborn, Ohio. Dotsie was a tenant of the rental property, which was owned by Haney and insured by State Farm. The fire started when Dostie placed a pot of water on the front burner of the stove, intending to make iced tea, but mistakenly turned on the back burner, which held a pan of oil that she had used to fry food the previous night. The complaint sought subrogation in the amount of $7,829.45 for monies paid by State Farm to Haney pursuant to the insurance policy for the fire damage and $250.00 for the amount of the insurance policy's deductible paid by Haney.
Sometime following the fire, Dostie moved to Massachusetts. She hired Kevin M. Orme, a Massachusetts attorney, to represent her in this case.
On September 18, 1998, Dostie filed an answer and counterclaims, alleging that Haney had fraudulently inflated the cost of the repairs necessary from the fire damage, that State Farm had negligently failed to accurately assess the cost of the repairs, and that she should be indemnified by Haney if she was found liable for the damages.
On December 4, 1998, the case was tried to a magistrate. On September 30, 1999, the magistrate issued her decision. She found that Dostie had been negligent in starting the fire and that the fire had caused $5,256.95 in damages to the property. She further found that Dostie should not be indemnified by Haney because there was no evidence that he had been contributorily negligent in starting the fire. The magistrate granted judgment in favor of State Farm in the amount of $5,006.95 and in favor of Haney in the amount of $250.00, both with ten percent annual interest thereon from the date of judgment. She also granted judgment in favor of State Farm and Haney on Dostie's counterclaims and found that Dostie should pay the court costs. The trial court, after finding that neither party had filed objections to the magistrate's decision, adopted the decision in its entirety on October 15, 1999.
On October 26, 1999, Dostie filed a "Request to Enlarge Time Within Which to File Notice of Appeal[,]" requesting that "the time within which to appeal the Magistrate's Decision filed on September 30[,] 1999 * * * be enlarged." In this motion, her attorney stated that he had "looked in Martindale-Hubbell for the time within which notice of appeal needed to be filed and thought it was 30 days," but had later been informed by opposing counsel that he had had only 14 days to file a "notice of appeal" of the magistrate's decision. The trial court deemed this motion to be a request to enlarge the time to object to the magistrate's decision and overruled it on November 1, 1999, finding that Orme's misunderstanding of the law was not excusable neglect. In so ruling, the trial court acted pursuant to Civ.R. 6(B).
On November 5, 1999, Dostie filed a motion titled "Request to Enlarge Time to File Objections to Magistrate's Decision." In this motion, she asked for an extension of time in which to file objections to the magistrate's decision of September 30, 1999. On November 9, 1999, the trial court overruled this motion, finding that the request had been addressed in its November 1, 1999 ruling.
On November 22, 1999, Dostie filed her notice of appeal, which stated as follows:
 Notice is hereby given that Sandra K. Dostie, [sic] defendant, hereby appeals to the Court of Appeals of Greene County, Ohio, Second Appellate District from the Judgement Entry denying her request to enlarge time to object to a Magistrate's Decision entered in this action on the first day of November, 1999.
Dostie raises three assignments of error on appeal, which we will address in an order that facilitates our discussion.
 III. THE LOWER COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION AND IN REFUSING DOSTIE'S REQUEST FOR AN ENLARGEMENT OF TIME.
Civ.R. 53(E)(3) provides, in part:
 (a) * * * Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. * * *
 (b) * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
In Dostie's brief, Orme admits that he "fumbled the ball" and "fully acknowledges" that his pro hac vice admittance in this case did not entitle him to preferential treatment regarding procedural standards and time limits. He claims, however, that "it has not been his experience that magistrate's decide civil cases in the Commonwealth of Massachusetts." In its denial of his motion for an extension of time, the trial court concluded that Orme's misunderstanding the law was not excusable neglect.
Although the trial court's action on November 1, 1999 was pursuant to Civ.R. 6(B), the trial court's reliance on this rule was misplaced because this rule applies to interlocutory orders. See Morgan v. Moore (Feb. 16, 1984), Montgomery App. No. 8445, unreported. Here, final judgment was entered October 15, 1999. The appropriate rule concerning relief from that judgment was Civ.R. 60(B)(1), which authorizes relief from final judgment on account of mistake, inadvertence, surprise, or excusable neglect. Although the trial court resorted to the wrong rule, the issue is the same regardless of which rule applies, and that is whether the dereliction of Dostie's counsel was excusable neglect.
In Griffey v. Rajan (1987), 33 Ohio St.3d 75,514 N.E.2d 1122, the court reiterated its earlier pronouncement in Colley v.Bazell (1980), 64 Ohio St.2d 243, 416 N.E.2d 605, that whether neglect-which Dostie's counsel concedes-is excusable involves a fact intensive inquiry which "must of necessity take into consideration all the surrounding facts and circumstances."Griffey, at 79, 514 N.E.2d at 1126. Although stating a preference for decisions on the merits rather than upon procedural grounds, the court stated its "refus[al] to let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits." Id.Griffey characterized inexcusable neglect as "a disregard for the judicial system and the rights of the plaintiff" which "does not necessarily mean an intentional disregard." Id. at 80,514 N.E.2d at 1126. As with Civ.R. 6(B), a Civ.R. 60(B) motion is addressed to the sound discretion of the trial court. Id. at 77,514 N.E.2d at 1123; Davis v. Immediate Medical Services, Inc., (1997),80 Ohio St.3d 10, 14, 684 N.E.2d 292, 296, reconsideration denied (1997), 80 Ohio St.3d 1449, 686 N.E.2d 276.
The record in this case abundantly demonstrates Dostie's counsel's noncompliance-imputable to Dostie herself pursuant toGTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph four of the syllabus-with the Ohio Rules of Civil Procedure and other Ohio procedural rules throughout the proceedings in the trial court.
After the complaint was filed, Dostie's attorney filed a motion to dismiss on her behalf, without first being admitted to practice in Ohio pro hac vice. On March 12, 1998, State Farm filed a motion to strike the motion to dismiss, arguing that Orme was not authorized to practice law in Ohio. The trial court granted the motion to strike on March 18, 1998, explaining that, "[u]nder the Supreme Court Rules for the government of the Bar of Ohio I Section 2(B)[,] admission pro hoc vice [sic] is allowed upon motion of an attorney admitted to practice in Ohio and registered with a clerk of the Supreme Court for active status."
On March 30, 1998, Dostie's attorney filed another motion to dismiss, with language nearly identical to the first motion to dismiss, and instead of signing the motion himself, as he had with the first motion, Dostie signed the motion, and under her name was typed "C/O Law Office of Kevin M. Orme." The trial court denied this motion to dismiss on July 15, 1998.
On September 18, 1998, Dostie made, through Orme's office, an offer of judgment. On October 5, 1998, Dostie, through Orme's office, filed a motion for leave to file an offer of judgment. The trial court overruled the motion, noting that, pursuant to Civ.R. 68, Ohio no longer allows the use of offers of judgment as a basis for costs proceedings.
On November 19, 1998, Orme filed a request, on his own behalf, for admission pro hac vice. The trial court overruled the request, noting that the court had previously described the requirements for gaining admission pro hac vice in its March 18, 1998 entry and that those requirements had not been met in his request. On November 30, 1998, an attorney admitted to practice in Ohio moved the trial court to admit Orme pro hac vice in this case. The trial court granted this request on December 1, 1998. The trial took place on December 4, 1998.
A "Notice of Appeal" from the magistrate's decision of September 30, 1999, signed by Orme and dated October 21, 1998, appears in the file. For reasons that are not entirely clear, the file stamp is whited out, there is an "X" through the document, and the words "do not file" are handwritten at the bottom of the document. This document was not the proper procedure to file objections to a magistrate's decision pursuant to Civ.R. 53(E)(3).
Neither the "Request to Enlarge Time Within Which to File Notice of Appeal" that Dostie filed on October 26, 1999, nor the "Request to Enlarge Time to File Objections to Magistrate's Decision" that she filed on November 15, 1999, constituted a request for relief pursuant to Civ.R. 60(B), and the court was not required to convert them to Civ.R. 60(B) motions.
Although Dostie did not invoke Civ.R. 60(B) in the trial court, we have nevertheless addressed the merits of the third assignment of error as if she had. After reviewing the record and taking all of the facts and circumstances of this case into consideration, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Dostie's request for an extension of time in which to file objections to the magistrate's decision.
The third assignment of error is overruled.
Because we have concluded that the trial court did not err in overruling Dostie's motion for an extension of time to file objections to the magistrate's decision, because the notice of appeal states that she is appealing only the trial court's November 1, 1999 denial of her "request to enlarge time to object" to the magistrate's decision, and because the notice of appeal is untimely as to the October 15, 1999 final judgment, we will not reach Dostie's first two assignments of error which deal with the merits of the case and allege errors in the magistrate's September 30, 1999 decision, which the trial court adopted October 15, 1999. The judgment of the trial court will be affirmed.
GRADY, P.J. and BROGAN, J., concur.