This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Nicholas V. Rimedio, D.O., Tallmadge Primary Care Physicians, and Edward I. Csernyik, D.O., have appealed from the order of the Summit County Court of Common Pleas denying their Civ.R. 60(B) motion. We affirm.
On February 12, 1999, Appellee, Linda Ramsey, filed a complaint against Appellants alleging medical malpractice. On that same date the summons and complaint were served upon Sally Bacon, the office manager for the Tallmadge Primary Care Physicians. Ms. Bacon then forwarded the summons and complaint onto Summa Health System, the corporate management group who provided insurance coverage for Appellants through Frontier Healthcare ("Frontier"). On April 23, 1999, Appellee moved for default judgment due to Appellants' failure to respond to the complaint. On May 3, 1999, the trial court granted Appellee's motion and awarded her $100,000 in damages. The summons and complaint were not received by Frontier until May 21, 1999, after an assessment of court costs was received.
On October 19, 1999 and October 21, 1999, Appellants moved the trial court for relief from judgment pursuant to Civ.R. 60(B)(1). On May 4, 2000, the trial court held a hearing on Appellants' motions. Following the hearing, the trial court denied Appellants' motions holding that they had failed to provide the court with sufficient evidence or explanation as to their failure to answer the complaint. Appellants timely appealed and have raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in denying Appellants' motions for relief from judgment.
In their sole assignment of error, Appellants have argued that the trial court erred in denying their motion for relief from judgment. Appellants have first argued that the trial court erred in finding that they failed to set forth grounds as enumerated in Civ.R. 60(B). Specifically Appellants have argued that their actions constitute excusable neglect because they transmitted the complaint to their corporate office which was responsible for transmitting the complaint to the insurance carrier. Appellants have alternatively argued that the trial court erred in finding that they did not present a meritorious defense to the claim. Because we find that Appellants have failed to set forth grounds for granting a Civ.R. 60(B) motion, we will not address the merit of their defense.
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, the Supreme Court of Ohio set forth the standard under which a trial court should review a motion for relief from judgment pursuant to Civ.R. 60(B) as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Id. at paragraph two of the syllabus.[1]
A trial court's ruling denying a motion for relief from judgment will not be disturbed on review absent a showing of an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 A trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, if it is evident from all of the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those persons whose conduct is imputable to the defendant, exhibited a disregard for the judicial system and the rights of the plaintiff.[2]
Id. at syllabus.
In Griffey the Supreme Court of Ohio noted that the neglect of a party's insurance carrier to defend a lawsuit would be imputed to that party. The Court reasoned that the plaintiff should not be made to suffer for the neglect of the insurance carrier when it was the defendant who contracted with that carrier. Similarly, in GTE, supra, at paragraph four of the syllabus, the Supreme Court of Ohio held that "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)."
In this case, the affidavits presented in support of the motion indicate that the corporate entity failed to transmit the summons and complaint to the insurance carrier. Therefore, there was neglect on the part of Appellants' corporate entity. Under the theory espoused by the Supreme Court of Ohio in Griffey and GTE, the neglect of Appellants' corporate office shall be imputed to Appellants.
Once it is determined that any neglect shall be imputed to Appellants, it must then be determined whether the neglect of either Appellants and/or their agent was excusable. The determination of whether excusable or inexcusable neglect has occurred "must of necessity take into consideration all the surrounding facts and circumstances." Colley v.Bazell (1980), 64 Ohio St.2d 243, 249.
In Griffey, supra, the Supreme Court of Ohio found that where fifty-one days had passed from the answer date to the date that the plaintiff moved for default judgment, the defendant could not exonerate himself by claiming that his duty to defend was discharged upon his notification of the insurance carrier. In this case Appellants presented testimony that they timely transmitted the complaint to the corporate office, therefore they have claimed that any neglect was excusable. The evidence presented by Appellants in their motions showed that the corporate office failed to transmit the complaint and summons to the insurance carrier, however, no explanation was given for this failure. Forty-two days passed from the date the answer was due until the date that Appellee moved for default judgment. Two hundred and twenty-one days and two hundred and twenty-three days passed before the individual Appellants filed their respective motions for relief from judgment. Appellants explained this delay by stating that the time was necessary to investigate the circumstances and complete the legal inquiries prior to their filing. Therefore, upon review of the circumstances, this Court must rule as did the Court in Griffey. Appellants failure to defend against the complaint does not constitute excusable neglect.
Because this Court finds that Appellants failed to set forth facts to support grounds for granting relief from judgment under Civ.R. 60(B), it is not necessary to determine whether Appellants' defense would have been meritorious. Therefore, Appellants assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
 FOR THE COURT
BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] All of the parties concede that the motion for relief from judgment was made in a timely manner.
[2] Appellants did not move the trial court for relief from judgment under Civ.R. 60(B)(5), therefore, this Court will not consider their arguments relating to this issue since this was not properly before the trial court to consider.