JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Appellant JDK Management, doing business as Perkins Family Restaurant, moved to vacate a default judgment entered against it in the amount of $1820.50, plus costs and interest. The judgment was based upon a claim that JDK's employee, Thomas Hatfield, had negligently operated his car while he was running an errand for his employer, damaging the car of State Farm's insured, Nancy Linck.
In support of the motion to vacate, JDK filed the affidavit of Tammi Chapin, its office manager. She averred that after JDK was served with a summons and complaint by certified mail, she faxed the complaint to JDK's insurance broker, expecting it to be forwarded to JDK's insurance carrier. The fax did not go through, but Chapin did not know this because she did not follow up on the claim until she received a notice of default judgment over two months later. Seven days after receiving notice of the default judgment, she successfully faxed the complaint to JDK's insurance broker. Ten days later, JDK filed a motion to vacate the default judgment.[1]
The trial court denied the motion to vacate and JDK has appealed. To prevail on its motion to vacate, JDK had to demonstrate that (1) its failure to respond to the complaint was the result of excusable neglect; (2) it had a meritorious defense; and (3) relief from judgment was promptly sought.[2] The concept of excusable neglect must be construed in light of the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed.[3] But the trial court must take into consideration the facts and circumstances of the case in deciding whether it is in the best interests of justice to set aside a judgment.[4]
We hold the trial court acted within its discretion in finding that JDK had failed to demonstrate excusable neglect. JDK was served a copy of the summons and complaint by certified mail. Chapin, the company's business manager, waited ten days before attempting to fax the complaint to JDK's insurance broker and failed to follow up on the claim until she received notice of the default judgment. These facts and the small amount of money at issue weighed against a finding of excusable neglect.[5]
Further, JDK failed to carry its burden of presenting a meritorious defense supported by operative facts. The Civ.R. 60(B) movant is not required to show that it can prevail on the defense, but the defense should be specific enough to challenge evidence presented on the issue, allowing the court to determine whether "the interests of justice demand the setting aside of a judgment normally accorded finality."[6]
In this case, the other parties had proceeded to a bench trial prior to the court's entry of default judgment. JDK's employee, a cook, testified that he was in fact on an errand for his employer at the time of the accident. The court found the employee's testimony credible and relied on it in granting a default judgment against JDK. The "meritorious defense" presented by JDK in Chapin's affidavit alleged only that it was not JDK's policy to send its cooks on errands in their personal vehicles. The trial court did not abuse its discretion in holding that this general allegation was insufficient to challenge the testimony from JDK's employee.
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court denying the motion to vacate.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Hendon, JJ.
[1] JDK moved also to file an answer out of time. The motion indicated that JDK had submitted a proposed answer, but the answer was not made an exhibit to the motion or filed separately, and is not a part of our record.
[2] See GTE Automotive Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
[3] See Colley v. Bazell (1980), 64 Ohio St.2d 243, 249, 416 N.E.2d 605.
[4] Id. at 249.
[5] Id.
[6] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21, 520
N.E.2d 564.