OPINION
{¶ 1} Appellant Brenda Crofut appeals from the judgment of the Stark County Court of Common Pleas, Family Court Division, which further divided marital property in a divorce action, upon a remand from this Court. The appellee is Tabb L. Crofut, appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant Brenda Crofut and Appellee Tabb Crofut were married on June 9, 1989. One child was born in 1991 as issue of the parties. May 3, 2002, appellant filed a complaint for divorce against appellee. A trial was held on December 18, 2002. The trial court issued a judgment entry of divorce on January 3, 2003.
 {¶ 3} On January 10, 2003, appellant filed a "Motion for Clarification or in the Alternative for Relief under Civil Rule 60(A)". Appellant, in her motion, argued as follows:
 {¶ 4} "In Findings of Fact # 4, the court found that the marital residence had a value of $135,000.00, that the mortgage balance was $44,600.00; and that there was a $32,500.00 separate property interest of the Husband in said residence. At the bottom of Page 3 of the Judgment Entry, the last sentence reads `Husband may buy Wife out of her interest in home within ninety (90) days and . . .' The first line at the top of Page 4 of the Judgment Entry reads `personal property for five thousand dollars ($5,000.00).'
 {¶ 5} "It appears from the Judgment Entry that there was language omitted at the end of Page 3. Nowhere in the Judgment Entry does the court award the personal property to either party.
 {¶ 6} "It is the Plaintiff's position that it was the court's intention to give the Defendant an option to purchase the interest of the Plaintiff in the marital residence by paying to the Plaintiff one-half of the difference between the value of the residence and the mortgage, plus separate property interest, and then also give the Defendant an option to purchase the personal property for $5,000.00.
 {¶ 7} "Otherwise, the court has not disposed of the personal property and had granted the Defendant an option for $5,000 .00 to purchase the interest of the Plaintiff in the marital residence, which according to the fact findings, has a value of $32,000.00.
 {¶ 8} "Based upon the foregoing, Plaintiff moves the court to clarify the final Judgment Entry or, in the alternative, for relief under Civil Rule 60(A) to correct a clerical error in the Judgment Entry." Plaintiff's Motion, January 10, 2003, at 1-2.
 {¶ 9} In turn, appellee, on January 15, 2003, filed a "60(A) and 60(B) Motion", arguing that the trial court had improperly awarded pre-martial insurance and annuity policies to appellant, when such policies allegedly should have been recognized as appellee's separate property. Appellee also filed a second similarly-captioned motion on the same date, alleging, in part, that the trial court erred in failing to order appellant to pay the installment loan and insurance for the Nissan automobile awarded to her.
 {¶ 10} On January 31, 2003, appellant filed a notice of appeal of the divorce. On the same date, appellant filed a motion with this Court, requesting that we remand to the trial court for determination of her "Motion for Clarification or in the Alternative for Relief under Civil Rule 60(A)." On February 10, 2003, this Court granted appellant's motion and remanded the matter to the trial court "for further proceedings to rule upon the Plaintiff/Appellant's Motion for Clarification or in the Alternative for Relief Under Civil Rule 60(A) within twenty days of the date of this Judgment Entry."
 {¶ 11} The trial court, in a judgment entry filed March 13, 2003 granted "both request of Plaintiff and Defendant for Relief under Civil Rule 60A." The trial court therein stated, in part, as follows:
 {¶ 12} "The marital residence is ordered sold as well as personal property. Husband has exclusive right to home pending sale and making all tax and mortgage payments. If house is not sold within one hundred eighty days (180) from date of this entry, it is to be auctioned. If house is sold proceeds are to be divided equally after payment of normal expenses of sale and credit to Husband for first thirty-two thousand five hundred dollars ($32,500.00) for his separate property credit. In addition, Husband may buy Wife out of marital home by paying the difference between the value of residence less the mortgage and credit for his thirty-two thousand five hundred dollars ($32,500.00) separate property interest. Further, Husband may buy all marital personal property for five thousand dollars ($5,000.00). This is to be done within ninety (90) days.
 {¶ 13} "Item 4 of the Orders of Court is to read:
 {¶ 14} "Husband gets the Dodge Truck and the GMC Truck. Wife gets the Nissan. Each is responsible for all costs associated with respective vehicle. All marital insurance policies are to be divided equally. Each party is entitled to their pre-marital insurance policies. Wife is to get one-half (1/2) of Husbands 401K based on duration of marriage. Wife is to retain her small pension and Husband is to receive all guns."
 {¶ 15} Appellant thereupon filed an amended notice of appeal as to the trial court's January 3, 2003 judgment entry of divorce and the aforesaid March 13, 2003 judgment entry. Upon review, we found merit in three of appellant's assigned errors. We first concluded, in regard to appellant's pensions, that while the trial court apparently intended to award appellant her Prudential IRA worth $379 and her Nestle 401(K) valued at $867, the court did not include specific language awarding these assets to her or disposing of them in any manner. We secondly concluded the trial court failed to make written findings of fact supporting its decision that the marital property had been equitably divided, as required by R.C. 3105.171(G). Lastly, in regard to the issue of insurance policies, we held that because appellee had never obtained an order from this Court remanding the matter to the trial court for a hearing on his "60(A) and 60(B) Motion," the trial court had maintained no jurisdiction to revise its original holding that all of the insurance policies were marital property. See Crofut v. Crofut, Stark App. No. 2003CA00053, 2003-Ohio-6801 ("Crofut I").
 {¶ 16} After our remand, appellee filed a "renewed" 60(A) and 60(B) motion regarding the parties' insurance policies. The trial court conducted a hearing on July 26, 2004, both as to our remand and the new 60(B) motion. The trial court thereafter issued a judgment entry on July 28, 2004, setting forth the following orders:
 {¶ 17} "It is hereby ORDERED, ADJUDGED and DECREED that:
 {¶ 18} "1. Defendant gets Prudential Financial policy 98 338 658 worth $3,686.00 and Plaintiff gets Standard Life Insurance policy 11A0076164 worth $3,882.00.
 {¶ 19} "2. Plaintiff is awarded her Prudential Financial IRA worth $379.00 and Nestle 401K worth $867.00.
 {¶ 20} "3. Defendant may purchase the household personal property for $7,230.00.
 {¶ 21} "4. All other provisions of Judgement (sic) Entry are adopted." Judgment Entry, July 28, 2004, at 2.
 {¶ 22} Appellant filed a notice of appeal on August 27, 2004, and herein raises the following two Assignments of Error:
 {¶ 23} "I. The trial court abused its discretion in dividing the parties' property.
 {¶ 24} "II. The trial court abused its discretion when it granted appellee's CIV.R. 60(b) motion and revised its property division to state that all `marital' insurance policies are to be divided equally and that each party is entitled to their `pre-marital' insurance policies."
 I. {¶ 25} In her First Assignment of Error, appellant argues the trial court abused its discretion in dividing the parties' property. We agree.
R.C. 3105.171(G) reads as follows: "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'" As our prior directive to the trial court to comply with R.C. 3105.171(G) was not followed, we are compelled to conclude a remand is necessary in order to afford the parties findings of fact to support the division of property as required by the statute. See, e.g., Ungar v.Ungar, 2002-Ohio-4387, Stark App. No. 2002CA00004.
 {¶ 26} Appellant's First Assignment of Error is sustained.
 II. {¶ 27} In her Second Assignment of Error, appellant contends the trial court abused its discretion in revising the distribution of the parties' insurance policies pursuant to appellee's 60(A)60(B) motion. We disagree.
 {¶ 28} Civ.R. 60(B)(2) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for [reason of] * * * newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Colley v. Bazell (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605
(citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 29} This case presents an unusual procedural scenario under which appellee, taking advantage of the remand following our decision in CrofutI, filed a second 60(A)/60(B) motion subsequent to that decision, in which we had held the trial court lacked jurisdiction to hear his original 60(A)/60(B) motion. While both sides commendably present their positions on this procedural issue, we are inclined instead to review the merits of the second 60(A)/60(B) motion. Appellee therein contended that the trial court "was led to believe with * * * incomplete evidence that the policies were marital property." Appellee's Motion, Dec. 22, 2003, at 1. Certainly, it is well-established that the party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck v. Peck (1994), 96 Ohio App.3d 731, 734,645 N.E. 2d 1300. Also, as appellant notes, nearly seven months elapsed prior to trial in which to subpoena the necessary information. However, appellant's trial counsel at the remand hearing conceded that there remained "two marital policies of basically relatively equal value, each of them being a separate owner of each one which should be simple enough to accomplish." Tr. at 17.
 {¶ 30} Upon review, therefore, we find the trial court's decision to revise the distribution of the parties' insurance policies pursuant to appellee's motion did not constitute an abuse of discretion. Appellant's Second Assignment of Error is overruled.
 {¶ 31} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Family Court Division, Stark County, Ohio, is hereby affirmed in part; reversed in part and remanded with directions to the trial court to comply with R.C. 3105.171(G).
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed in part; reversed in part, and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.