{¶ 17} I write separately to note the within case is exactly like the case of Kay v. MARK GLASSMAN Inc., 76 Ohio St. 3d 18, 1996-Ohio-430,665 N.E.2d 1102. In Kay, counsel prepared an answer and discovery requests, signed them and the cover letters, and gave them with the case file to his secretary for mailing. Unfortunately, his secretary, in addition to her regular duties, was helping sort out the law firm's bookkeeping system following the retirement of the firm's bookkeeper. She mistakenly placed the pleadings and case file in a file drawer and did not mail the answer or the discovery requests.
 {¶ 18} The Supreme Court noted Civ. R. 60(B) is a remedial rule to be liberally construed to serve the ends of justice, Kay at 20, citingColley v. Bazell (1980), 64 Ohio St. 2d 243, 249. The court found the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system" Kay at 20, citingGTE, supra. The Supreme Court found no complete disregard of the judicial system in Kay, and held the trial court should have granted relief from judgment as a matter of law. The case at bar is indistinguishable from Kay. *Page 7 
 {¶ 19} As for the "meritorious defense", appellant prevailed at all stages of the administrative process, and the ends of justice are not served by dismissing her claim on procedural grounds rather than deciding it on the merits. I agree with the majority dismissal was far too severe a sanction for conduct the Supreme Court has found to be excusable as a matter of law. *Page 8