[Cite as *Michaels v. Michaels*, 2011-Ohio-6606.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KIMBERLY A. MICHAELS | C.A. No. 25866 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ARTHUR J. MICHAELS, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2010-07-5036 |

## DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

DICKINSON, Judge.

### INTRODUCTION

{¶1} Kimberly Michaels filed her second amended complaint by the trial court's deadline, but it took the clerk of courts over ten days to docket it. The court, unable to see that Ms. Michaels had timely filed an amendment, dismissed her case. Ms. Michaels moved to vacate the judgment, but the trial court denied her motion because she had not followed all of its instructions regarding the filing of the amendment and because she did not show that she had a meritorious claim. Ms. Michaels has appealed, assigning as error that the trial court incorrectly denied her motion to vacate. We affirm because Ms. Michaels has not argued, let alone established, that she had a meritorious claim to present if her motion had been granted.

### BACKGROUND

{¶2} Ms. Michaels filed a creditor's bill against Arthur Michaels and several companies in which he allegedly has an ownership interest, seeking to recover the amount he

owes her under a 2007 judgment entry. Mr. Michaels and the companies moved to dismiss the complaint, arguing that she failed to allege that he has an equitable interest in any of the companies that could be subject to a creditor's bill. The trial court allowed Ms. Michaels to amend her complaint, but Mr. Michaels and the companies renewed their motions. Ms. Michaels moved to amend her complaint again, which the trial court allowed, so long as she submitted her amendment within 21 days and gave the court a courtesy copy on the same day that she filed it with the clerk of courts. Ms. Michaels filed her second amended complaint within the 21-day deadline, but did not give the court a courtesy copy. A week after the deadline passed, the trial court reviewed the docket, saw no indication that an amendment had been filed, and dismissed the case. Ms. Michaels moved to vacate the court's judgment, arguing that she had filed her amendment within the 21-day deadline. The trial court denied her motion, noting that she had not followed the court's courtesy copy instruction and determining that she "failed to establish that a meritorious claim existed in the second amended complaint[.]"

## MOTION TO VACATE

{¶3} Ms. Michaels's assignment of error is that the trial court incorrectly denied her motion to vacate. Unless a trial court's judgment is void, a motion to vacate or motion for relief from judgment is governed by Rule 60(B) of the Ohio Rules of Civil Procedure. *EMC Mortgage Co. Inc. v. Atkinson*, 9th Dist. No. 25067, 2011-Ohio-59, at ¶2-3 (explaining that civil rules eliminated trial courts' common law authority to vacate or modify their judgments). Under Civil Rule 60(B), a trial court "may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged . . . ; or (5) any other reason justifying relief from the

judgment." "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment . . . was entered or taken." Civ. R. 60(B). Interpreting the rule, the Ohio Supreme Court has held that, "[t]o prevail on a motion brought under [Civil Rule] 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976).

{¶4} In her motion to vacate, Ms. Michaels argued that she properly filed her second amended complaint within the deadline imposed by the trial court. She did not argue that she had a meritorious claim to present if relief was granted. Accordingly, regardless of the propriety of the trial court's enforcement of its courtesy copy requirement, Ms. Michaels has failed to demonstrate that she satisfied all of the conditions precedent to being entitled to relief under Civil Rule 60(B). Her assignment of error, therefore, must be overruled.

CONCLUSION

{¶5} Ms. Michaels has not established that she would have had a meritorious claim to present if the trial court had granted her motion to vacate. Her assignment of error is overruled, and the judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT


WHITMORE, J.
CONCURS

BELFANCE, P. J.
DISSENTS, SAYING:

{¶6} I respectfully dissent, as I would conclude the trial court erred in failing to vacate its judgment dismissing Ms. Michaels' action.

{¶7} In an attempt to satisfy a $650,000 judgment obtained in her divorce case, Ms. Michaels brought a creditor's bill against Mr. Michaels, her ex-husband, and numerous business entities, many of which bear the Michaels name. Mr. Michaels and the entities promptly responded by filing motions to dismiss and motions for summary judgment. They generally argued that Ms. Michaels' complaint was deficient pursuant to R. C. 2333.01 because she failed

to allege that Mr. Michaels had an equitable interest in some type of property that was held by the business entities. The trial court issued an entry in which it declined to grant summary judgment as to five of the named defendants and in which it gave Ms. Michaels twenty-one days to amend her complaint to properly allege an action for a creditors' bill. In that judgment, the trial court noted that neither side had been delivering courtesy copies of the pleadings to the court and that the parties were required to do so.

{¶8} Ms. Michaels amended her complaint within the time allowed by the court but the court was unaware that she had done so. Unlike her initial complaint she now alleged that Mr. Michaels possessed equitable rights or interests in money and other types of assets that were under the control of the defendant entities. The trial court issued an order dismissing the complaint on the ground that Ms. Michaels had failed to file an amended complaint alleging an action for a creditor's bill. Ms. Michaels filed a motion to vacate the order of dismissal the very next day. Ms. Michaels attached a copy of the time-stamped amended complaint to the motion.

{¶9} The trial court's dismissal amounted to a dismissal pursuant to Civ.R. 41(B)(1), which provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel*, dismiss an action or claim." (Emphasis added.).

{¶10} Since Ms. Michaels complied with the trial court's order with respect to amending her complaint, and there were no outstanding motions to dismiss relative to the newly filed amended complaint, the only basis for the dismissal would be the failure to comply with the court's order to provide courtesy copies. Notably, the trial court had means other than dismissal to enforce its order to the attorneys to provide courtesy copies. However, assuming that it is proper to dismiss a complaint for failure to provide a courtesy copy, the trial court could only sua

sponte dismiss the complaint after giving notice to the plaintiff's counsel of its intention to dismiss for the failure to provide a courtesy copy. The trial court did not provide any notice and therefore it should have vacated its dismissal. The purpose of Civil Rule 60(B) is to accord relief where the interest of justice outweighs the interest in according finality to litigation. *Colley v Bazell* (1980), 64 Ohio St.2d 243, 248 (Civ.R. 60 attempts to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.") (Internal quotations and citations omitted.). In addition, Civ.R. 60(B) is a remedial rule to be liberally construed. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 21 ("Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result."). In this case, the interest of justice outweighs the interest in finality, especially under circumstances where the parties have not litigated the matter and are at the pleading stages of the case and the amended complaint was in fact timely filed. Furthermore, by attaching a copy of the amended complaint to her motion, Ms. Michaels demonstrated that she had a meritorious defense. Accordingly, I would reverse the judgment of the trial court and remand for further proceedings.

APPEARANCES:

JEFFREY V. HAWKINS, Attorney at Law, for Appellant.

RONALD N. TOWNE, Attorney at Law, for Appellee.

ANDREW J. MICHAELS, Attorney at Law, for Appellees.