OPINION
{¶ 1} Defendant-appellant Assicurazioni Generali, S.P.A. appeals the October 10, 2002 Judgment Entry of the Muskingum County Court of Common Pleas which granted default judgment against it. Plaintiff-appellee is Carol Hamilton as the Administratrix of the Estate of James Hamilton.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 21, 2002, appellee filed a Complaint in the Muskingum County Court of Common Pleas seeking a declaratory judgment her decedent husband was entitled to insurance proceeds under a Non-Trucking Liability Policy of Insurance issued by appellant. Appellee also sought monetary damages for breach of contract and underinsured motorist benefits.
 {¶ 3} The deputy of the trial court issued a summons to appellant on March 21, 2002. A certified mail receipt signed by J. de Guzman was filed with the clerk's office on April 1, 2002. On May 3, 2002, appellee filed a Motion to Default Judgment asserting more than twenty-eight days had elapsed since her complaint was served on appellant. In a judgment entry of the same date, the trial court granted default judgment against appellant and set an evidentiary hearing for August 5, 2002.
 {¶ 4} On May 22, 2002, appellant filed a Motion to Set Aside Default Judgment pursuant to Civ.R. 60(B). In its motion, appellant argued its failure to timely file an answer and affirmative defenses to appellee's complaint was due to excusable neglect, and therefore it was entitled to have the May 3, 2002 default judgment set aside. In a May 31, 2002 Judgment Entry, the trial court granted appellant an oral hearing on its motion for August 5, 2002.
 {¶ 5} At the hearing, counsel for appellant explained Mr. de Guzman, the individual who signed the certified mail receipt, was an employee in the accounting department of its U.S. branch in New York City. As a direct result of the September 11, 2001 terrorist attacks on the World Trade Center, the offices of appellant's U.S. branch office, which had been located at 1 Liberty Plaza adjacent to the World Trade Center, was partially demolished. In the time period following the 911 attacks, appellant operated in three temporary locations. Due to the temporary nature of their surroundings, appellant did not require the services of a receptionist.
 {¶ 6} On January 15, 2002, appellant returned to its office at 1 Liberty Plaza, but continued to operate without a receptionist because it found no business necessity for such an employee. Appellant contends when the certified envelope containing the complaint arrived in its US branch office, Mr. de Guzman signed for the envelope because he was the closest employee to the door. Mr. de Guzman left the certified envelope on what would had been the receptionist's desk, expecting whomever it belonged to would retrieve the envelope. Appellant contends its employees do not know what happened to the certified envelope after Mr. De Guzman left it on the desk. After hearing the arguments of counsel, the trial court took the matter under advisement.
 {¶ 7} In an October 7, 2002 Judgment Entry, the trial court denied appellant's motion to set aside the default judgment. It is from this judgment entry appellant prosecutes its appeal, assigning the following error for our review:
 {¶ 8} "I. Trial Court Abused Its Discretion In Denying Appellant's Motion To Set Aside Default Judgment Based On Excusable Neglect Pursuant To Civ. R. 60(B)(1) Of The Ohio Rules Of Civil Procedure."
 I. {¶ 9} In appellant's sole assignment of error, it maintains the trial court abused its discretion in denying its motion to set aside default judgment based upon excusable neglect pursuant to Civ.R. 60(B)(1). We disagree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} In GTE Automatic Electric Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus, the Supreme Court of Ohio held:
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 13} The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, citing GTE, supra, at 153. Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ.R. 60(B) represents "`an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" Colley v. Bazell (1980), 64 Ohio St.2d 243,248. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case.D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134, 138.
 {¶ 14} Nonetheless, neglect is inexcusable when the movant's inaction exhibits a complete disregard for the judicial system or that of an opposing party. GTE Automatic Electric, supra at 153, 351 N.E.2d 113. Excusable neglect has been found when a court has found unusual or special circumstances justified the neglect. However, cases generally suggest that if the party or his attorney could have controlled or guarded against the happening or circumstance, the neglect is not excusable. Vanest v. Pillsbury Company (1997), 124 Ohio App.3d 525,706 N.E.2d 825.
 {¶ 15} Upon review of the record in this matter, we find the trial court did not abuse its discretion when it found that appellant's conduct was not "excusable neglect."
 {¶ 16} The uncontroverted evidence in the record indicates appellant received the summons and complaint in the regular course of business. At the time they received the complaint, the office had been operating its permanent location for three months. Appellant argued it had no need for a receptionist, but because there was no receptionist, the complaint did not reach its appropriate destination. At the hearing, appellant did not offer evidence of its procedure to handle legal documents without a receptionist and therefore, it was unable to demonstrate this was an isolated "excusable incident" of mishandling. The appellant did not offer evidence how it guarded against what happened in this case. We find no abuse of discretion in the trial court's decision to deny appellant's Civ.R. 60(B) motion.
 {¶ 17} The October 7, 2002 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
 {¶ 18} Appellant's sole assignment of error is overruled.
By: Hoffman, P.J.
Boggins, J. concur