SCHEPER et al., Appellees,

v.

McKINNON, Appellant, et al.

[Cite as *Scheper v. McKinnon*, 177 Ohio App.3d 820, 2008-Ohio-3964].

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070827.

Decided Aug. 8, 2008.

Droder & Miller, Bradley A. Powell, and Robert G. Block, for appellees.

Buckley King, L.P.A., Stephen J. Brewer, and George J. Zamary, for appellee.

Freund, Freeze & Arnold, Jennifer Kirkpatrick Nordstrom, and Jason E. Abeln, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} Plaintiffs-appellees Nicholaus Scheper and his wife, Holly, sued their insurance company, defendant-appellee Nationwide Mutual Fire Insurance Co., defendant-appellant Larry McKinnon, and defendant John Doe for injuries that Scheper had sustained in a car accident. They claimed that while John Doe had been negligently driving McKinnon's vehicle, he had injured Nicholas Scheper. McKinnon failed to answer the complaint or to appear in the case. The trial court granted default judgments for the Schepers and Nationwide, and McKinnon moved to set aside the judgments. The trial court denied the motion. McKinnon

now argues on appeal that he was entitled to relief from the default judgments entered against him because he had done all that he could have done to defend against the Schepers' lawsuit. We affirm.

## I. The Accident and the Aftermath

{¶ 2} Scheper was injured when a vehicle registered to McKinnon hit him. Because McKinnon owned the vehicle, Scheper tried to recover for his injuries from McKinnon's insurance company. When McKinnon claimed that the vehicle had been stolen, his insurance company denied liability. The Schepers sued McKinnon and their own insurer, Nationwide. On December 23, 2006, McKinnon was served; he made copies of the papers and sent the originals to his insurance company. But McKinnon's insurance company failed to answer the Schepers' complaint.

{¶ 3} On February 26, 2007, Nationwide answered and cross-claimed against McKinnon for indemnity and contribution. Again, no one responded on McKinnon's behalf.

{¶ 4} The Schepers moved for a default judgment. A hearing was held in March 2007. And when no one appeared on McKinnon's behalf, the trial court granted a default judgment for the Schepers on liability. Nationwide likewise moved for a default judgment. And after a May 2007 hearing, the trial court granted judgment for Nationwide.

{¶ 5} Finally, on August 6, 2007—almost five months after the judgment had been entered for the Schepers and about two and a half months after the judgment had been entered for Nationwide—McKinnon moved to set aside the default judgments; the trial court denied the motion.

{¶ 6} On appeal, McKinnon argues that the trial court abused its discretion. McKinnon maintains that he did not know that he should have followed up on the status of the case—McKinnon had forwarded the complaint to his insurance company and had assumed that it would respond. (Nothing in the record indicates why the insurer did not defend against the suit.) McKinnon contends that he had been too busy to follow up on the suit: McKinnon moved several times that year and was taking care of a new baby and renovating his home. McKinnon claims that under these circumstances he was entitled to relief under Civ.R. 60(B).

## II. No Relief Under Civ.R. 60(B)

{¶ 7} McKinnon argues that (1) the default judgments were the result of mistake, inadvertence, or excusable neglect, and (2) there were other reasons justifying relief from the judgments. Not so.

{¶ 8} We review a trial court's decision to grant or deny relief from judgment under Civ.R. 60(B) under an abuse-of-discretion standard.[1] Reversal is warranted only when the court's attitude was "unreasonable, arbitrary, or unconscionable."[2]

{¶ 9} A court may relieve a party from a default judgment if the failure to answer was the result of mistake, inadvertence, or excusable neglect.[3] Before relief may be granted, the moving party must show that it (1) has a meritorious defense, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) has moved for relief within a reasonable time.[4]

{¶ 10} For the purposes of a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, an insurance company's failure to answer or otherwise respond is imputable to the insured.[5] Thus, the conduct of the company and the insured must be examined together to determine whether the neglect was excusable.[6] After a certain amount of time, a party's failure to independently determine whether an answer has been filed may change the level of neglect from excusable to inexcusable.[7]

{¶ 11} Here, there was no evidence of mistake, inadvertence, or excusable neglect—perhaps neglect, but not excusable neglect. The complaint was properly served on McKinnon on December 23, 2006. Almost two months later, on February 16, 2007, the Schepers' motion for a default judgment was sent to McKinnon. Three months later, on May 14, 2007, Nationwide's motion for a default judgment was also sent to McKinnon. McKinnon's insurance company failed to answer or otherwise respond. Even though McKinnon was not sophisticated in legal matters, this failure was imputable to him. His excuse that he was too busy, moving several times that year, taking care of a new baby, and renovating his home, was not sufficient.

{¶ 12} McKinnon also sought relief under Civ.R. 60(B)(5), which allows a court to relieve a party from a final judgment for "any other reason justifying

1. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, at ¶ 7.

2. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

3. Civ.R. 60(B)(1).

4. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151, 1 O.O.3d 86, 351 N.E.2d 113.

5. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 78, 514 N.E.2d 1122.

6. Id.

7. Id., quoting *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605, fn. 4.

relief from the judgment." This is a catchall provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment.[8] The grounds for invoking the provision should be "substantial."[9] We agree with the trial court's conclusion that McKinnon could not have used the catchall provision when he had failed to respond to the complaint after sufficient notice and service.

{¶ 13} Because McKinnon failed to establish grounds for relief under Civ.R. 60(B)(1) or 60(B)(5), we do not address whether he raised a meritorious defense or made a timely motion. The default judgments against McKinnon were not the result of mistake, inadvertence, or excusable neglect, so relief from the judgments was not justified.

{¶ 14} We hold that the trial court did not abuse its discretion in denying McKinnon's motion to set aside the default judgments. The trial court's judgment is, accordingly, affirmed.

Judgment affirmed.

HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.

---

8. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66, 5 OBR 120, 448 N.E.2d 1365.

