[Cite as *Selective Ins. Co. of Am. v. Bronco Excavating, Inc.*, 2022-Ohio-3805.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


SELECTIVE INSURANCE CO. OF    :    APPEAL NO. C-220163
AMERICA,                           TRIAL NO. 21CV-18047

        Plaintiff-Appellant,    :

  vs.    :    *O P I N I O N.*

        :

BRONCO EXCAVATING, INC.,

        Defendant-Appellee.    :


Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: October 26. 2022


*Kreiner & Peters Co., LPA*, and *Daniel Kiefer*, for Plaintiff-Appellant,

*Bonezzi Switzer Polito & Hupp Co., LPA, Patricia J. Trombetta* and *Thomas J. Glassman*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} In this subrogation action, plaintiff-appellant Selective Insurance Co. of America ("Selective Insurance") appeals the decision of the trial court granting a Civ.R. 60(B) motion filed by defendant-appellee Bronco Excavating Inc. ("Bronco"). Because Bronco failed to set forth any evidence of excusable neglect, we reverse the judgment of the trial court.

## Background

{¶2} On September 21, 2021, Selective Insurance filed a subrogation action on behalf of its insured against Bronco arising from an incident in which one of Bronco's employees allegedly backed a dump truck into the insured's parked vehicle. Selective Insurance allegedly paid its insured $4,633.45 for the property damage, and the insured paid $500 as an out-of-pocket deductible.

{¶3} On October 26, 2021, Selective Insurance filed a motion for a default judgment, which the trial court granted on November 1, 2021. On November 4, 2021, Bronco filed a motion to set aside the default judgment in accordance with Civ.R. 60(B). Bronco alleged that it had sent notice of the lawsuit to its insurance carrier via email; however, the insurance carrier never received notice of the lawsuit.

{¶4} In March 2022, the trial court held a hearing on Bronco's motion to set aside the default judgment. Bronco did not present any evidence, and Bronco's attorney represented to the court that she did not have the email that her client had sent to the insurance company notifying it of the lawsuit. Bronco's attorney argued that Selective Insurance's insured had parked in a no-parking zone at the time of the accident, and that the matter should have been arbitrated under an agreement between Selective Insurance and Bronco's insurer.

2

**{¶5}** The trial court granted Bronco's Civ.R. 60(B) motion, finding that service of the motion for a default judgment had not been received by defendant until after the default judgment had been entered, and that Bronco had a potential meritorious defense.

**{¶6}** Selective Insurance appeals, raising three assignments of error.

### Civ.R. 60(B) and Excusable Neglect

**{¶7}** In its first assignment of error, Selective Insurance argues that the trial court abused its discretion in granting Bronco's Civ.R. 60(B) motion without making a finding of excusable neglect and where no evidence in the record supports excusable neglect. To prevail under Civ.R. 60(B), a movant must establish: (1) a meritorious defense or claim in the action; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the movant's motion was made within a reasonable time, or within one year if the grounds for relief are Civ.R. 60(B)(1), (2), or (3). *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. An appellate court reviews a decision granting or denying relief under Civ.R. 60(B) for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). In general, an abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** Selective Insurance challenges the second prong of the *GTE* test— whether Bronco was entitled to relief under Civ.R. 60(B)(1), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * mistake, inadvertence, surprise or excusable neglect[.]"

3

**{¶9}** Bronco argued in the trial court that it had forwarded a copy of the complaint to its insurance carrier via email, but the insurance carrier never received it. However, Bronco failed to provide any evidence or details to support its assertion regarding the email. According to Selective Insurance, Bronco's conduct is not excusable neglect, and Selective Insurance relies on two cases from this court: *Scheper v. McKinnon*, 177 Ohio App.3d 820, 2008-Ohio-3964, 896 N.E.2d 208 (1st Dist.), and *Mueller v. Hammann*, 1st Dist. Hamilton Nos. C-120799 and C-130231, 2013-Ohio-5098.

**{¶10}** In *Scheper*, this court held that a trial court did not abuse its discretion in denying a defendant's Civ.R. 60(B) motion where the defendant-insured forwarded a complaint to its insurance company, but neither the defendant nor the insurer took any further action until almost five months after the judgment had been entered for the plaintiffs. Similarly, in *Mueller*, this court held that the trial court did not abuse its discretion in denying a Civ.R. 60(B) motion filed by a defendant who had allegedly retained an attorney, but neither the defendant nor the attorney took any further action to respond or defend.

**{¶11}** Bronco argues that this court should uphold the trial court's decision to set aside the default judgment, and Bronco relies on *Colley v. Bazell*, 64 Ohio St.2d 243, 416 N.E.2d 605 (1985). In *Colley*, the defendant-attorney promptly mailed a copy of a malpractice complaint to his insurance agent by certified mail; however, the paperwork became delayed in the mail and did not arrive until the same day that the trial court granted the plaintiffs' default-judgment motion. The trial court denied the defendant-attorney's motion to set aside the default judgment and reasoned that the

defendant should have followed through with his insurance company to make sure that it would respond to the lawsuit on his behalf.

{¶12} The Ohio Supreme Court reversed the trial court's decision in *Colley*. The court reasoned that whether neglect is excusable necessitates an inquiry into all of the facts and circumstances, including "whether the defendant promptly notified his carrier of the litigation[;] * * * the lapse of time between the last day for the filing of a timely answer and the granting of the default judgment[;] * * * the amount of the judgment granted[; and] * * * the experience and understanding of the defendant with respect to litigation matters." *Colley* at 248-249. The *Colley* court reasoned that the trial court focused on defendant's status as an attorney, but the trial court ignored the defendant's prompt notice to the insurance carrier, the substantial amount of the judgment, and the short passage of time between the failure to file an answer and the default judgment.

{¶13} In this case, the trial court focused on the short amount of time between the default judgment and Bronco's motion to set it aside. The trial court reasoned that the default-judgment motion was not served on Bronco until after the trial court entered the default judgment; however, Bronco was not entitled to service of the default-judgment motion. *See* Civ.R. 5(A); *Stearns v. Devecka*, 5th Dist. Tuscarawas No. 2001AP11 0102, 2002-Ohio-3839, ¶ 24; *Gupta v. Edgecombe*, 10th Dist. Franklin No. 03AP-807, 2004-Ohio-3227, ¶ 21.

{¶14} In its motion to set aside the default judgment, Bronco alleged that it had forwarded the complaint to its insurance company. At the hearing on Bronco's motion, Bronco failed to provide any evidence of the alleged email, any details regarding the email, such as who sent the email and on what date, and any details as

to Bronco's internal procedure for handling summons and complaints. *See Custom Pro Logistics, LLC v. Penn Logistics LLC*, 1st Dist. Hamilton No. C-210422, 2022-Ohio-1774, ¶ 17 ("Negligent or insufficient internal procedures in an organization may not constitute excusable neglect."). Therefore, no evidence supports Bronco's assertion that its failure to respond to Selective Insurance's complaint was the result of excusable neglect.

{¶15} In Bronco's motion for relief from judgment and at oral argument, Bronco argued that it was entitled to relief under Civ.R. 60(B)(5). Civ.R. 60(B)(5) only applies when a more specific provision in Civ.R. 60(B)(1) through (4) does not apply, and where the grounds for granting relief are "substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). Bronco's arguments under Civ.R. 60(B)(5) appear to be the same arguments Bronco made with respect to excusable neglect under Civ.R. 60(B)(1). Therefore, Civ.R. 60(B)(5) does not apply.

{¶16} Where a movant fails to satisfy one of the requirements under Civ.R. 60(B), relief from judgment is not proper. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). In the absence of any evidence in the record to support Bronco's entitlement to relief under Civ.R. 60(B)(1), excusable neglect, the trial court abused its discretion in granting Bronco's motion for relief from judgment. *See Electrosonics Div. of Airadio Corp. v. Natl. Frame Co., Inc.*, 10th Dist. Franklin No. 76AP-882, 1977 Ohio App. LEXIS 9269, *8 (Mar. 8, 1977) ("[T]he trial court abused its discretion in granting the motion for relief from judgment in the absence of a factual determination of the alleged grounds for relief from judgment.").

{¶17} We sustain Selective Insurance's first assignment of error. The remaining assignments of error filed by Selective Insurance are moot.

### Conclusion

**{¶18}** We reverse the judgment of the trial court granting Bronco relief from judgment under Civ.R. 60(B), and we remand the matter to the trial court to reinstate the default judgment.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.