DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Wood County Court of Common Pleas' grant of appellee's motion to set aside judgment on the grounds of excusable neglect. Because we conclude that the trial court did not abuse its discretion in granting appellee relief from judgment, we affirm.
 {¶ 2} Appellant's initial complaint, filed January 13, 2003, alleged that appellee and ten other John Doe defendants caused damage to its insured's dump truck, and sought subrogation against appellee for the amount of the claim paid to its insured. Appellee proceeded to file a pro se answer on February 11, 2003, which in its entirety "motion [sic] the court to dismiss this suit as unfounded and slanderous." The answer, although filed with the court, was not served on appellant pursuant to Civ.R. 5(A).
 {¶ 3} On March 31, 2003, the court advised appellee during a telephone pre-trial conference to seek legal counsel. On May 30, 2003, a final pre-trial conference was held. Appellee did not appear. The same day, appellant submitted a written motion for judgment on the pleadings pursuant to Civ.R. 12(C). On June 16, 2003, the motion was granted. Judgment was entered against appellee in the amount of $61,040.12 with interest.
 {¶ 4} On July 31, 2003, appellant filed a second complaint against appellee, and no other defendants, for damage to a second truck that occurred on the same date, alleging the same set of facts as its initial complaint against appellee, noting that a judgment on the pleadings had been rendered on the prior complaint, and asking for damages of $59,371.87 for a claim paid to the same insured.
 {¶ 5} This time, appellee was able to retain counsel. On October 3, 2003, appellee, through counsel, filed a motion to set aside the judgment on the first claim pursuant to Civ.R. 60(B). The motion was granted on the grounds of excusable neglect. The trial court then consolidated both cases.
 {¶ 6} Appellee now asserts the following assignments of error:
 {¶ 7} "I. The trial court erred in granting defendant/appellee relief from judgment consistent with Ohio Rule of Civil Procedure Rule 60(B) as the trial court's granting of appellant's motion for judgment on the pleadings was a final appealable order and should have been appealed.
 {¶ 8} "II. The trial court abused its discretion and/or erred in granting defendant/appellee's motion to set aside the judgment because defendant/appellee failed to demonstrate excusable neglect."
 I. {¶ 9} Appellant's first assignment of error asserts that the trial court's grant of relief from judgment pursuant to Civ.R. 60(B) was improper because appellee should have appealed the judgment. Appellant argues that a party against whom a judgment on the pleadings has been entered "has only one option to overturn the judgment and that is through the appeals process."
 {¶ 10} Civ.R. 60(B) allows a party to seek relief from judgments or orders, and states in relevant part, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * * (5) any other reason justifying relief from judgment." Civ.R. 54(A) defines `judgment' as including "a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." Judgments are final appealable orders, R.C. 2505.02, from which an aggrieved party may file an appeal. App.R. 4.
 {¶ 11} Appellant incorrectly characterizes these rules by asserting that, because an appeal lies from a final judgment, in order to seek relief a party must appeal. If appellant was correct, Civ.R. 60(B) would be superfluous. No rule mandates the appellate process as the sole path to seek relief from final orders or judgments.
 {¶ 12} Appellant cites Colley v. Bazell (1980),64 Ohio St.2d 243, for the proposition that, "a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged." Id. at 245. Appellant advances this proposition out of context. Colley held that a denial of a Civ.R. 60(B) motion was a final appealable order, and thus made clear the procedural distinctions between an appeal from a judgment and a motion for relief from judgment. Colley citesBosco v. Euclid (1974), 38 Ohio App.2d 40, for the rule that a "Civ.R. 60(B) may not be used as a substitute for a timely appeal as a means to circumvent App. R. 4(A) which establishes an appeal period of thirty days." Id. at paragraph 2 of the syllabus.
 {¶ 13} Once a final judgment is entered, a party may appeal if all other procedural requirements for an appeal are met. Alternatively, a party may file a motion for relief if the procedural requirements of Civ.R. 60(B) are met. Since appellee could have pursued either route, appellant's first assignment of error is not well-taken.
 II. {¶ 14} In the alternative, appellant argues that the motion to set aside judgment was improperly granted because appellee did not demonstrate excusable neglect. When a grant of a motion for relief from judgment is appealed, a reviewing court must determine whether the trial court abused its discretion. RoseChevrolet, Inc. v. Adams (1998), 36 Ohio St.3d 17, 20. To overturn a trial court's decision, "[s]uch abuse of discretion must appear in the record." Terwoord v. Harrison (1967),10 Ohio St.2d 170, 171. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."State ex rel. Edwards v. Toledo City Sch. Dist. Bd. of Educ.
(1995), 72 Ohio St.3d 106, 107.
 {¶ 15} We follow the Ohio Supreme Court's standard in GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, for evaluating Civ.R. 60(B) motions. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus. Therefore, we must determine whether the record supports a clear abuse of discretion under any prong of the test before disturbing the trial court's grant of relief from judgment. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 16} The trial court granted appellee's motion for relief on the grounds of excusable neglect pursuant to Civ.R. 60(B)(1). "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20.
 {¶ 17} Appellant correctly points out that the majority of pro se litigants who seek relief from default judgments have not been granted such relief under Civ.R. 60(B) simply because they do not understand the import of default judgment. See GlobeAmerican Casualty Co. v. Lindsay (Sept. 28, 2001), 10th Dist. No. 01AP-176, for a general discussion of Ohio case law involving pro se litigants seeking relief from judgment. However, in many of those cases, the reviewing court found that the trial court did not abuse its discretion in refusing to grant pro se appellants relief from judgment. Further, the pro se litigants discussed in Globe American were "careless," or "failed to make any effort to respond to the complaint." Id. at 8. Although theGlobe American decision reversed the trial court, the pro se litigant had failed to file an answer or otherwise respond to the complaint entirely. We cannot say that the trial court abused its discretion in finding that appellee did not exhibit a "complete disregard for the judicial system." 76 Ohio St.3d at 20.
 {¶ 18} The underlying purpose of Civ.R. 60(B) supports the trial court's exercise of discretion. The law favors the determination of cases on their merits. 47 Ohio St.2d at 151. A competing principle is that litigation must be brought to an end.36 Ohio St.3d at 21. Civ.R. 60(B) thus represents a balance between "the legal principle that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened." Advance Mortgage Corp. v. Novak (1977),53 Ohio App. 2d 289, 291.
 {¶ 19} Appellant's second claim against appellee would remain pending if the trial court's decision to grant relief in the first matter was reversed. Litigation involving the same parties, the same event, and similar sets of operative facts would continue. Appellee's motion did not specifically request relief on the grounds of excusable neglect but under Civ.R. 60(B) generally. Thus, these circumstances may also constitute "any other reason justifying relief from judgment." Civ.R. 60(B)(5). We cannot conclude that the trial court abused its discretion when it allowed this claim to be determined on the merits in conjunction with appellant's second, nearly identical claim.
 {¶ 20} Appellant does not dispute whether appellee has a meritorious defense. Under Civ.R. 60(B), the movant's burden is only to allege that he has a meritorious defense, not to prove that the defense will prevail should a retrial occur.36 Ohio St.3d at 20. A motion brought pursuant to Civ.R. 60(B)(1) must be brought within one year of judgment. As appellee brought his motion for relief on October 3, 2003, his motion is timely. Therefore, the trial court did not abuse its discretion in concluding that appellee had met the first and third prongs of the GTE test.
 {¶ 21} Since we cannot conclude that the trial court clearly abused its discretion in granting appellee's motion for relief, and in furtherance of the law's interest in determining cases on their merits, appellant's second assignment of error is not well-taken.
 {¶ 22} Upon consideration, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Costs to appellant. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.