[Cite as *Ferrell v. Kakika Ent., Ltd.*, 2019-Ohio-575.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Pamela Ferrell, Erie County
Treasurer

      Appellee

v.

Kakika Enterprises, Ltd., et al.

      Appellants

and Richard C. Johnson

      Appellee

Court of Appeals No. E-18-037

Trial Court No. 2015-CV-0605

**DECISION AND JUDGMENT**

Decided:  February 15, 2019

* * * * *

Taylor C. Knight and Brittany H. Asmus, for appellee
Richard Johnson.

D. Jeffery Rengel and Thomas R. Lucas, for appellants.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendants-appellants, Kakika Enterprises, Ltd., South Bass Island Resort,

Ltd., and Cecil Weatherspoon, appeal the July 13, 2017, and June 14, 2018 judgments of

the Erie County Court of Common Pleas, granting relief from judgment and summary judgment in favor of defendant-appellee, Robert C. Johnson. For the reasons that follow, we reverse.

## I. Background

{¶ 2} Defendants-appellants, Kakika Enterprises, Ltd., South Bass Island Resort, Ltd., and Cecil Weatherspoon (collectively, "Kakika"), were the guarantors of a $150,000 promissory note held by defendant-appellee, Richard C. Johnson. The note was secured by a mortgage lien on two properties—one located in Erie County (parcel No. 32-04811.000) and the other in Ottawa County (parcel No. 021992330128000).

{¶ 3} Kakika defaulted on the promissory note, and Johnson filed complaints for foreclosure in both Erie and Ottawa counties. He filed Erie County case No. 2013-CV-0762 on November 18, 2013, against Kakika and the Erie County Auditor. He filed Ottawa County case No. 13CV430 on November 19, 2013, against Kakika and the Ottawa County Auditor. Johnson eventually dismissed the Ottawa County action without prejudice under Civ.R. 41(A).

{¶ 4} On December 17, 2013, Johnson amended the Erie County complaint to name then-Erie County Treasurer, Jo Dee Fantozz, in place of the auditor. Johnson demanded in his complaint that the defendants "answer and set up [any] claim that they may have" in the Erie County property or "be forever barred." Kakika answered; Fantozz did not. Johnson filed a preliminary judicial report on April 3, 2014, but did nothing more to advance the case.

2.

**{¶ 5}** On September 24, 2015, the new Erie County Treasurer, Pamela Ferrell, filed a complaint for foreclosure against Kakika, pertaining to the Erie County property, in Erie County case No. 2015-CV-0605, asserting an unpaid tax lien of $3,837.28. She named Johnson as a defendant, as well as Jerry Wray, the Director of the Ohio Department of Transportation, and demanded that they "plead their respective claims to the Property or be forever barred." Kakika answered; Johnson and Wray did not.

**{¶ 6}** Ferrell moved for summary judgment on December 8, 2015. The court granted the motion and entered a judgment entry in foreclosure and order of sale on January 21, 2016. The court's judgment entry acknowledged that Johnson and Wray had been served but failed to answer Ferrell's complaint, and it ordered that "the interests of any holders of claims against the subject property who are in default of answer herein are forever barred." Kakika appealed, but soon after moved to dismiss its appeal. We granted its motion to dismiss on March 29, 2016. *Ferrell v. Kakika Enterprises, Ltd.*, 6th Dist. E-16-016 (Mar. 29, 2016).

**{¶ 7}** On May 26, 2016, new attorneys entered appearances for Johnson in Erie County case No. 2013-CV-0762, and on June 13, 2016, Johnson moved to consolidate the case with case No. 2015-CV-0605. The trial court granted Johnson's motion on June 28, 2016, and ordered that case No. 2013-CV-0762 merge with case No. 2015-CV-0605. It closed case No. 2013-CV-0762.

**{¶ 8}** On November 15 and November 28, 2016, Johnson filed identical motions for summary judgment on his claims, the first in case No. 2013-CV-0762, and the second

3.

in the consolidated case. On February 14, 2017, he moved for relief from the January 21, 2016 judgment, and, without leave of court, he filed an answer to Ferrell's complaint. The trial court denied a motion filed by Kakika to strike Johnson's answer. It granted Johnson's motion for relief from judgment on July 13, 2017, and granted his motion for summary judgment on August 11, 2017. Kakika appealed, but we dismissed his appeal for lack of a final, appealable order. *Ferrell v. Kakika Enterprises, Ltd.*, 6th Dist. Erie No. E-17-052 (Dec. 14, 2017).

{¶ 9} On June 14, 2018, on a renewed motion for summary judgment filed by Ferrell, the trial court entered judgment disposing of all of the parties' claims. Kakika appealed and assigns the following errors for our review.

> I. THE TRIAL COURT ERRED IN ITS DECISION TO GRANT APPELLEE'S 60(B) MOTION FOR RELIEF FROM JUDGMENT.

> II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED APPELLEE TO FILE AN ANSWER OUT OF RULE AND WITHOUT LEAVE.

> III. THE ENTRY OF DEFAULT JUDGMENT AGAINST APPELLEE OPERATED AS RES JUDICATA ON THE PRE-CONSOLIDATED MATTER OR ALTERNATIVELY WAS A SECOND DISMISSAL ON THE MERITS.

4.

## II. Law and Analysis

{¶ 10} Kakika assigns three errors. First, it argues that the trial court erred when it granted Johnson's motion for relief from the January 21, 2016 judgment because the motion was not timely filed. Second, it argues that the trial court erred when it permitted Johnson to file an answer to Ferrell's complaint after the deadline for doing so had passed because Johnson did not seek leave to do so and did not establish excusable neglect for failing to timely file an answer. Finally, it argues that the trial court erred when it granted summary judgment to Johnson because his claims were barred by the doctrine of res judicata. We examine Kakika's assignments of error in turn.

### A. Motion for Relief from Judgment

{¶ 11} The trial court entered a judgment in foreclosure and order of sale in Ferrell's favor on January 21, 2016. On February 14, 2017—over a year later—Johnson moved for relief from that judgment under Civ.R. 60(B)(5), and the trial court granted his motion. In its first assignment of error, Kakika argues that this was error because Johnson's motion was untimely.

{¶ 12} Under Civ.R. 60(B), a party may be relieved from a final judgment for the following reasons:

>    (1) mistake, inadvertence, surprise or excusable neglect;

>    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

5.

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

A motion filed under Civ.R. 60(B) "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).

{¶ 13} Johnson cited Civ.R. 60(B)(5) in support of his motion for relief from judgment. He argued that he was entitled to relief under this provision because this was an "extraordinary and unusual" case exposing him to "unfairly unexpected consequences" and the interests of justice warranted setting aside the January 21, 2016 judgment. He argued that because summary judgment was granted only with respect to Erie County case No. 2015-CV-0605—which he maintained did not resolve the claims at issue in case No. 2013-CV-0762—it was necessary to consolidate the cases and vacate the January 21, 2016 judgment to avoid multiple, inconsistent rulings.

{¶ 14} Kakika argues that Johnson's motion should have been reviewed under Civ.R. 60(B)(1)—not Civ.R. 60(B)(5)—because the actual basis for the motion was Johnson's "mistake, inadvertence, surprise or excusable neglect" in failing to answer

6.

Ferrell's complaint. He maintains that Johnson asserted Civ.R. 60(B)(5) as the basis for his motion in an attempt to circumvent the one-year deadline under Civ.R. 60(B)(1). Alternatively, Kakika argues that even if reviewed under Civ.R. 60(B)(5), Johnson's motion should have been denied because it was not filed "within a reasonable time."

{¶ 15} Johnson does not specifically respond to Kakika's contention that Civ.R. 60(B)(1)—not (B)(5)—is applicable under the circumstances of this case. Instead he insists that his motion was filed within a reasonable time because the court "had not yet decided Case No. 2013-CV-0762, the Court's Judgment Entry in Case No. 2015-CV-0605 was still subject to contradiction by Case No. 2013-CV-0762 * * *[, and] given that no final movement has taken place in relation to disposing of the Parcel at Sheriff's sale, no non-movant's interests are being unfairly prejudiced by the timing of this Motion for Relief."

{¶ 16} We review a trial court judgment granting a motion for relief from judgment under an abuse-of-discretion standard. *Traveler's Indemn. Co. v. Bates*, 6th Dist. Wood No. WD-04-047, 2004-Ohio-6317, ¶ 14. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} The Supreme Court of Ohio has held that "[t]o succeed on a motion for relief from judgment under Civ.R. 60(B), a movant must establish (1) a meritorious defense or claim to present, in the event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in Civ.R. 60(B)(1) through (5), and

7.

(3) compliance with the rule's time requirements." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus.  If any of the three requirements is not met, the motion should be denied. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). While doubt should be resolved in favor of deciding cases on their merits, a motion for relief from judgment nevertheless must be timely-filed.  *GTE Automatic Elec., Inc.* at paragraph three of the syllabus.

{¶ 18} The initial question we must answer, therefore, is whether Johnson properly relied on Civ.R. 60(B)(5) as the basis for his motion for relief from judgment.  If the motion should have been analyzed under Civ.R. 60(B)(1), then his February 14, 2017 motion should have been denied as untimely.

{¶ 19} "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment * * *." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus.  It is meant to be utilized "where the operative facts are either different from and/or are in addition to those contemplated by Civ.R. 60(B)(1) through (4)." *Whitt v. Bennett*, 82 Ohio App.3d 792, 796, 613 N.E.2d 667 (2d Dist.1992).  Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc.* at paragraph one of the syllabus.  It is to be used only in extraordinary and unusual cases when warranted in the interests of justice, and "[t]he

8.

grounds for invoking Civ. R. 60(B)(5) should be substantial." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974); *Caruso-Ciresi, Inc.* at paragraph two of the syllabus.

{¶ 20} Ohio courts recognize that the willful failure to file an answer is not a recognizable ground for relief under Civ.R. 60(B)(5), and the catch-all provision of Civ.R. 60(B)(5) is not to be used as a mere substitute for relief under Civ.R. 60(B)(1). *State ex rel. Minnis v. Lewis*, 10th Dist. Franklin No. 93AP-812, 1993 Ohio App. LEXIS 6458, *5 (Dec. 30, 1993). In *Huron Mgt. Co. v. Wingate*, 6th Dist. Lucas No. L-87-342, 1988 Ohio App. LEXIS 3378, *7-8 (Aug. 19, 1988), for example, we held that "[i]t is well-established that the 'other reason' clause of Civ. R. 60(B) will not protect a party who ignores his duty to take legal steps to protect his interest." We concluded that where a party chooses to ignore a complaint and states "no other legitimate reason for failing to appear or answer[,] such a complaint has not stated an adequate ground for relief from default judgment pursuant to Civ. R. 60(B)(5)." *See also Cleveland v. Johnson*, 8th Dist. Cuyahoga No. 58367, 1991 Ohio App. LEXIS 1817, *9 (Apr. 25, 1991) ("[A]ppellee's failure to answer the complaint does not constitute adequate grounds for relief pursuant to Civ. R. 60(B)(5).").

{¶ 21} Here, the record makes clear that Johnson was served with Ferrell's complaint but failed to file an answer. His motion for relief from judgment provides no explanation for his failure to answer Ferrell's complaint. While Johnson moved to consolidate case Nos. 2013-CV-0762 and 2015-CV-0605 in June of 2016—less than six

9.

months after the court granted Ferrell's motion for summary judgment—he inexplicably waited until February of 2017 to seek to vacate the January 21, 2016 judgment. Because Civ.R. 60(B)(1)—not Civ.R. 60(B)(5)—more accurately reflected the basis for Johnson's motion for relief from judgment, we must conclude that his motion was untimely because it was not filed within one year of the January 21, 2016 judgment. *See Pool Man v. Rea*, 10th Dist. Franklin No. 95APG04-438, 1995 Ohio App. LEXIS 4577, *6 (Oct. 17, 1995) (finding error where "[t]he trial court granted appellee relief under Civ.R. 60(B)(5) when the facts should have been analyzed pursuant to Civ.R. 60(B)(1)."). Accordingly, the trial court abused its discretion when it granted Johnson's untimely Civ.R. 60(B) motion.

{¶ 22} We find Kakika's first assignment of error well-taken.

**B. Johnson's Answer to Ferrell's Complaint**

{¶ 23} In its second assignment of error, Kakika argues that the trial court abused its discretion when it permitted Johnson to file an answer to Ferrell's complaint without first seeking leave and without establishing excusable neglect. While Johnson does not deny that he failed to timely file an answer or seek leave to do so, he responds that because the trial court granted summary judgment in his favor, it would be a waste of judicial resources to remand this case for a procedural defect.

{¶ 24} Civ.R. 12(A)(1) requires a defendant to serve his answer "within twenty-eight days after service of the summons and complaint upon him." Under Civ.R. 6(B)(2), when "an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * *upon motion made* after the expiration

of the specified period permit the act to be done *where the failure to act was the result of excusable neglect * * *.*" (Emphasis added.) Ohio courts hold that a trial court abuses its discretion when it allows a defendant to file an answer out of rule without first moving for leave to file and showing excusable neglect. *Hillman v. Edwards*, 10th Dist. Franklin Nos. 08AP-1063, 08AP-1064, 2009-Ohio-5087, ¶ 8, citing *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980) (holding that some showing of excusable neglect is "a necessary prelude" to filing an answer out of time); *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14-15, 684 N.E.2d 292 (1997).

{¶ 25} Here, the docket reflects that Johnson was served with the summons and complaint on October 5, 2015, therefore, his answer was due on November 2, 2015. Johnson did not file his answer until February 14, 2017—more than 15 months late. When he finally filed his answer, he did so without seeking leave and without showing excusable neglect for failing to timely answer. Kakika moved to strike Johnson's answer on this basis, but the trial court denied its motion. We agree with Kakika that because Johnson failed to seek leave and failed to show excusable neglect, his answer should have been stricken. The trial court abused its discretion in holding otherwise.

{¶ 26} We find Kakika's second assignment of error well-taken.

### C. Summary Judgment

{¶ 27} In its third assignment of error, Kakika argues that the trial court erred when it granted summary judgment in favor of Johnson because either (1) the January 21, 2016 judgment disposed of Johnson's claims and operated as res judicata, or (2) the

11.

January 21, 2016 judgment operated as a second dismissal on the merits given that Johnson previously voluntarily dismissed a similar foreclosure action in Ottawa County against the same primary defendants arising out of the same promissory note.

{¶ 28} As alluded to above, Johnson filed a complaint for foreclosure in Ottawa County, Ohio, on November 19, 2013, against Kakika and the Ottawa County Auditor arising from Kakika's default under the same promissory note. Johnson voluntarily dismissed the Ottawa County action without prejudice under Civ.R. 41(A) on April 25, 2014. Kakika argues that when the Erie County Common Pleas Court entered judgment on January 21, 2016, this constituted a second dismissal on the merits, precluding Johnson from pursuing his complaint in case No. 2013-CV-0762.

{¶ 29} Given our resolution of Kakika's first and second assignments of error, we agree with Kakika that the trial court's summary-judgment ruling in favor of Johnson must be reversed. However, we do not reach the issue of whether Johnson's claims are barred under the doctrine of res judicata or the two-dismissal rule. Instead, we remand this matter to the trial court to resolve this issue.

{¶ 30} We find Kakika's third assignment of error well-taken.

### III. Conclusion

{¶ 31} Johnson's motion for relief from judgment should have been analyzed under Civ.R. 60(B)(1)—mistake, inadvertence, surprise or excusable neglect—and not Civ.R. 60(B)(5)—the catch-all provision of the rule. Under Civ.R. 60(B)(1), Johnson's motion was untimely because it was filed more than a year after the trial court's

12.

January 21, 2016 judgment. The trial court erred when it granted Johnson's untimely motion. Kakika's first assignment of error is well-taken.

{¶ 32} Johnson filed an answer to Ferrell's complaint 15 months late and he did so without first seeking leave of court and demonstrating excusable neglect. The trial court abused its discretion when it denied Kakika's motion to strike Johnson's answer. Kakika's second assignment of error is well-taken.

{¶ 33} In light of our resolution of Kakika's first and second assignments of error, we reverse the trial court's decision granting summary judgment to Johnson, however, we decline to reach the issue of whether Johnson's claims are barred under the doctrine of res judicata or the two-dismissal rule. We leave this issue for resolution by the trial court. We find Kakika's third assignment of error well-taken.

{¶ 34} Accordingly, we reverse the July 13, 2017, and June 14, 2018 judgments of the Erie County Court of Common Pleas. Johnson is ordered to pay the costs of this appeal under App.R. 24.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                     _____
                                                      JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J.              _____
CONCUR.                                            JUDGE

                                     _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.